BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
**NICHOLAS J. WOYCHICK, IDAHO STATE BAR NO. 3912**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1414
Email: Nick.Woychick@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ADAM KEITH TUCKER FARMS, LLC;<br>ADAM KEITH TUCKER; J.R. SIMPLOT<br>CO. dba SIMPLOT GROWER SOLUTIONS;<br>THRESHER ARTISAN WHEAT; and FALL<br>RIVER RURAL ELECTRIC<br>COOPERATIVE, INC.,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT** |

COMES NOW the United States of America ("USA"), acting through the Farm Service

Agency ("FSA") of the United States Department of Agriculture, and for its claim for relief

against the above-named Defendants, alleges as follows:

1.      This court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1345, as

the United States is the Plaintiff.  Venue is proper pursuant to 28 U.S.C. § 1391, as this action is

**COMPLAINT - 1**

to foreclose mortgages and security agreements describing real and personal property located in the state of Idaho.

2.      On or about May 24, 2010, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to the United States of America, acting through FSA, a promissory note in the principal amount of $280,000.00, evidencing a loan made to them pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921, *et seq.*).  Interest accrues on the principal amount of $280,000.00, and any advances made pursuant to the terms of this note, at the rate of 5.0 percent per annum. A copy of this note is attached as Exhibit A.

3.      To secure the payment of the promissory note described in paragraph 2 and all advances and expenditures made by FSA, Defendant Adam Keith Tucker and DeeDee Marie Tucker executed and delivered to FSA a real estate mortgage for Idaho, describing certain real property they own located in Fremont County, Idaho, together with all owned, after-acquired and/or replacement irrigation equipment and all water and water rights, ditches and ditch rights used thereon or appurtenant thereto.  This mortgage was recorded May 25, 2010, as Instrument No. 528342, in the Official Records of Fremont County, Idaho.  A copy of this mortgage is attached as Exhibit B.

4.      The indebtedness owing to FSA by Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, pursuant to the note described in paragraph 2 was assumed by Defendant Adam Keith Tucker Farms, LLC, by execution of an assumption agreement dated May 17, 2012.  A copy of this assumption agreement is attached as Exhibit C. Defendant Adam Keith Tucker and DeeDee Marie Tucker were not released from liability on the assumed note.

**COMPLAINT - 2**

5.      On or about May 17, 2012, Defendant Adam Keith Tucker Farms, LLC,

Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and

delivered to FSA a promissory note in the amount of $284,000.00, evidencing a loan made to

them pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921, *et seq.*).

Under the terms of this promissory note, interest accrues on the principal sum of $284,000.00,

and any advances made pursuant to the terms of this note, at the rate of 1.50 percent per annum.

This note was rescheduled by a promissory note executed June 26, 2013, in the principal sum of

$127,780.57, with interest to accrue on the unpaid balance at the rate of 1.25 percent per annum.

This rescheduled note was further rescheduled by a promissory note executed July 1, 2015, in the

principal sum of $121,502.15, with interest to accrue on the unpaid balance at the rate of 1.25

percent per annum.  Copies of these notes are attached as Exhibits D, E and F.

6.      On or about May 17, 2012, Defendant Adam Keith Tucker Farms, LLC,

Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and

delivered to FSA a promissory note in the amount of $16,000.00, evidencing a loan made to

them pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921, *et seq.*).

Under the terms of this promissory note, interest accrues on the principal sum of $16,000.00, and

any advances made pursuant to this note at the rate of 1.50 percent per annum.  This note was

rescheduled by a promissory note executed July 1, 2015, in the principal sum of $11,793.56, with

interest to accrue on the unpaid balance at the rate of 1.5 percent per annum.  Copies of these

notes are attached as Exhibits G and H.

7.      To secure the payment of the promissory notes described in paragraphs 5 and 6

and all advances and expenditures made by FSA, on or about May 17, 2012, Defendant Adam

Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then

**COMPLAINT - 3**

husband and wife, executed and delivered to FSA a real estate mortgage for Idaho describing certain real property owned by Defendant Adam Keith Tucker Farms, LLC, and Defendant Adam Keith Tucker and DeeDee Marie Tucker located in Fremont County, Idaho, together with all owned, after-acquired and/or replacement irrigation equipment and all water and water rights, ditches and ditch rights used thereon or appurtenant thereto.  This mortgage was recorded May 21, 2012, as Instrument No. 538667, in the Official Records of Fremont County, Idaho.  A copy of this mortgage is attached as Exhibit I.

8.     To further secure the payment of the promissory notes described in paragraphs 2, 5 and 6, and payment of all advances and expenditures made by FSA, on or about July 18, 2013, Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to FSA a real estate mortgage for Idaho describing certain real property owned by Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker located in Fremont County, Idaho, together with all owned, after-acquired and/or replacement irrigation equipment and all water and water rights, ditches and ditch rights, used thereon or appurtenant thereto.  This mortgage was recorded July 22, 2013, as Instrument No. 544887, in the Official Records of Fremont County, Idaho.  A copy of this mortgage is attached as Exhibit J.

9.     On or about June 26, 2013, Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to FSA a promissory note rescheduling the promissory note described in Paragraph 2, in the principal sum of $286,135.31, with interest to accrue on the unpaid balance at the rate of 3.375 percent per annum.  This rescheduled note was reamortized by a promissory note executed

**COMPLAINT - 4**

July 1, 2015, in the principal sum of $291,588.28, with interest to accrue on the unpaid balance at the rate of 3.375 percent per annum.  Copies of these notes are attached as Exhibits K and L.

10.     To further secure the payment of the indebtedness secured by the mortgage described in paragraph 3, Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife executed and delivered to FSA an agreement for extension of real estate mortgage, recorded July 1, 2013, as Instrument No. 544535, in the Official Records of Fremont County, Idaho.  Pursuant to this extension agreement, the maturity date of the original mortgage (Ex. B), was extended to June 26, 2049.  A copy of this agreement for extension of real estate mortgage is attached as Exhibit M.

11.     To further secure the payment of the indebtedness secured by the mortgage described in paragraph 7, Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to FSA an agreement for extension of real estate mortgage, recorded July 1, 2013, as Instrument No. 544536, in the Official Records of Fremont County, Idaho.  Pursuant to this agreement, the maturity date of the original mortgage was extended to June 26, 2028.  A copy of this extension of mortgage is attached as Exhibit N.

12.     On or about May 8, 2014, Defendant Adam Keith Tucker Farms, LLC, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to FSA a promissory note in the amount of $158,000.00, evidencing a loan made to them pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921, *et seq.*). Under the terms of this promissory note, interest accrues on the principal sum of $158,000.00, and any advances made pursuant to the terms of this note at the rate of 2.125 percent per annum. This note was rescheduled by a promissory note executed July 1, 2015, in the principal sum of

**COMPLAINT - 5**

$62,092.33 plus interest to accrue on the unpaid balance at the rate of 2.125 percent per annum. Copies of these notes are attached as Exhibits O and P.

13.     To secure the payment of the promissory note described in paragraph 12, and all advances and expenditures made by FSA, on or about May 8, 2014, Defendant Adam Keith Tucker Farms, LLC,  Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed and delivered to FSA a real estate mortgage for Idaho describing certain real property owned by Defendant Adam Keith Tucker Farms, LLC,  Defendant Adam Keith Tucker and DeeDee Marie Tucker in the Fremont County, Idaho, together with all owned, after-acquired and/or replacement irrigation equipment and all water and water rights, ditches and ditch rights, used thereon or appurtenant thereto.  This mortgage was recorded May 13, 2014, as Instrument No. 548697, in the Official Records of Fremont County, Idaho.  A copy of this mortgage is attached as Exhibit Q.

14.     Defendant Adam Keith Tucker and DeeDee Marie Tucker were divorced in 2015. On June 22, 2015, DeeDee Marie Tucker was removed as a member of Adam Keith Tucker Farms, LLC, and at that time DeeDee Marie Tucker transferred all her interest in the real property subject to this action to Defendant Adam Keith Tucker Farms, LLC, and Defendant Adam Keith Tucker.

15.     On August 28, 2015, DeeDee Marie Tucker was discharged from personal liability for the obligations described herein paragraph by order of the United States Bankruptcy Court for the District of Idaho in *In re DeeDee Marie Tucker aka DeeDee Marie Chambers,* Case No. 15-40458-JDP (Bankr. D. Idaho 2015).  Pursuant to the order to discharge, FSA is precluded from seeking payment from DeeDee Marie Tucker and does not seek the collection of

**COMPLAINT - 6**

any amounts owing FSA pursuant to the notes described above from DeeDee Marie Tucker

personally.

16.     On or about July 1, 2015, Defendant Adam Keith Tucker Farms, LLC, and

Defendant Adam Keith Tucker executed and delivered to FSA a promissory note in the amount

of $78,980.00, evidencing a loan made to them pursuant to the Consolidated Farm and Rural

Development Act (7 U.S.C. §§ 1921, *et seq.*).  Under the terms of this promissory note, interest

accrues on the principal sum of $78,980.00, at the rate of 2.375 percent per annum.  A copy of

this note is attached as Exhibit R.

17.     On or about July 1, 2015, Defendant Adam Keith Tucker Farms, LLC and

Adam Keith Tucker executed and delivered to FSA a promissory note in the amount of

$17,000.00, evidencing a loan made to them pursuant to the Consolidated Farm and Rural

Development Act (7 U.S.C. §§ 1921, *et seq.*).  Under the terms of this promissory note, interest

accrues on the principal sum of $17,000.00, at the rate of 2.375 percent per annum.  A copy of

this note is attached as Exhibit S.

18.     To secure the payment of the promissory notes described in paragraphs 16 and 17,

and all advances and expenditures made by FSA, on or about July 1, 2015, Defendant

Adam Keith Tucker Farms, LLC and Adam Keith Tucker, executed and delivered to FSA a real

estate mortgage for Idaho, describing certain real property they own located in the Fremont

County, Idaho, together with all owned, after-acquired and/or replacement irrigation equipment

and all water and water rights, ditches and ditch rights used thereon or appurtenant thereto.  This

mortgage was recorded July 9, 2015, as Instrument No. 554025, in the Official Records of

Fremont County, Idaho.  A copy of this mortgage is attached as Exhibit T.

**COMPLAINT - 7**

19.     On or about July 1, 2015, Defendant Adam Keith Tucker Farms, LLC executed and delivered to FSA an agreement for extension of real estate mortgage, recorded July 9, 2015, as Instrument No. 554021, in the Official Records of Fremont County, Idaho.  Pursuant to this extension, the maturity date of the original mortgage recorded May 13, 2014, as Instrument No. 548697 in the Official Records of Fremont County, Idaho, was extended to July 1, 2030.  A copy of this extension is attached as Exhibit U.

20.     On or about July 1, 2015, Defendant Adam Keith Tucker Farms, LLC executed and delivered to FSA an agreement for extension of real estate mortgage, recorded July 9, 2015, as Instrument No. 554024, in the Official Records of Fremont County, Idaho.  Pursuant to this extension, the maturity date of the original mortgage recorded May 21, 2012, as Instrument No. 538667 in the Official Records of Fremont County, Idaho, was extended to July 1, 2030.  A copy of this extension is attached as Exhibit V.

21.     On or about July 1, 2015, Defendant Adam Keith Tucker Farms, LLC executed and delivered to FSA an agreement for extension of real estate mortgage, recorded July 9, 2015, as Instrument No. 554023, in the Official Records of Fremont County, Idaho.  Pursuant to this extension, the maturity date of the original mortgage recorded May 25, 2010, as Instrument No. 528342, in the Official Records of Fremont County, Idaho, was extended to July 1, 2049.  A copy of this extension is attached as Exhibit W.

22.     To further secure the payment of the promissory notes described in paragraphs 2, 5, 6, 9, 12, 16 and 17, any and all renewals and extensions of such indebtedness, and the prompt payment of all existing and future indebtedness and any additional loans, including the notes, extensions and agreements described above, Defendant Adam Keith Tucker and DeeDee Marie Tucker, then husband and wife, executed a security agreement dated May 24, 2010, describing

**COMPLAINT - 8**

farm and other equipment now owned or thereafter acquired together with all replacements, substitutions, additions and accessions thereto, and including all entitlements, benefits and payments for crops and payment intangibles.  A copy of this security agreement is attached as Exhibit X.

23.     To further secure the payment of the promissory notes described in paragraphs 2, 5, 6, 9, 12, 16 and 17, Defendant Adam Keith Tucker Farms, LLC executed a security agreement dated July 1, 2015, describing farm and other equipment now owned or thereafter acquired together with all replacements, substitutions, additions and accessions thereto, and including all entitlements, benefits and payments for crops and payment intangibles.  A copy of this security agreement is attached as Exhibit Y.

24.     The interests created by the security agreements described in paragraphs 22 and 23 were perfected by the filing of a UCC Financing Statement on March 30, 2010, as Instrument No. B2010-1076637-4; a UCC Financing Statement filed May 10, 2011, as Instrument No. B6566380; a UCC Financing Statement, filed May 16, 2012, as Instrument No. B6583793; a UCC Financing Statement, filed May 16, 2012, as Instrument No. B6583794; a UCC Financing Statement (continuation), filed October 7, 2014, as Instrument No. B6629416; a UCC-1F, filed May 16, 2012, as Instrument No. F84151; a Farm Produce Financing Statement Amendment, filed June 11, 2013, as Instrument No. F49297; and a Farm Products Financing Statement (continuation), filed November 17, 2016, as Instrument No. F53846, all in the Official Records of the Idaho Secretary of State.  Copies of said financing statements, amendments and continuations are collectively attached as Exhibit Z.

25.     As a result, pursuant to the security agreements described in paragraphs 22 and 23, FSA has acquired a perfected security interest in the following-described farm equipment,

**COMPLAINT - 9**

vehicles, and personal property owned by Defendant Adam Keith Tucker Farms, LLC, and

Defendant Adam Keith Tucker located in the state of Idaho:

> Tractor, Massey Ferguson, Model 50, S/N SGM523901;
> Potato Planter, Double L, Model 544, 6-Row w/radar, S/N 54028;
> Cultivator, Buffalo, Model 64000630, 6-Row, S/N 936401968;
> Spud Roller, 6-Row;
> Vine Splitter, 6-Row;
> Seed Cart, Rockford;
> Harrow, Unverferth, 23 ft, Model 1225, S/N 330179;
> Box Scraper 9 ft, Buhler, 3 point;
> Cultivator, Triple K Time;
> 4 Row Cross over, Double L, Model 851;
> Row Digger, Double L, Model 850;
> 9 Shank V Ripper, Miskin, Model S209, S/N 19785;
> 20 ft Shredder, MC, 240858, S/N 53376;
> 8" Auger, Westfield, Model W80, S/N 12023;
> Seed Piler, Davis;
> Harrow, Melroe 18 ft, 3-section;
> Disc, JD, Model 670, S/N P00670X001261;
> Ring Roller, 18 ft;
> Tire Roller, 4 Row;
> Packer, 12 ft;
> Drill Press Wheel, Case, 12 ft, S/N 0104632;
> 1 Vine Beater, JD 6 Row, S/N P00118x002013;
> Pipe Trailer, JD;
> Chevy Spud Truck, 1974 Chevy, VIN CCE614V154437;
> Chevy Spud Truck, 1974 Chevy, VIN CCE614V128500;
> Truck with self unloading logan bed, 1986 GMC, VIN 1GDG7D1BXGV506929;
> Tractor, JD, Model 4555;
> Pickup, 1998 Dodge 2500, VIN 3B7KF2668WM264619;
> Pickup, 2006 Dodge 3500, VIN 3D7LX38C76G163179;
> Enclosed Trailer, Charmac 27 ft, 2005; 4RYS272035T110022; and
> Manufactured Home, Fleetwood Single Wide, 2008 (IDFL804A28469SW13).

Certificates of Title perfecting FSA's interest in the farm equipment, vehicles, personal property

and manufactured home listed above are collectively attached as Exhibit AA.

26.     By virtue of the documents described above, FSA has also acquired a perfected

security interest in any and all of after-acquired, replacement and/or substitute irrigation

**COMPLAINT - 10**

equipment appurtenant to the real property located in the state of Idaho, and owned by Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker.

27.     Pursuant to the terms of the real estate mortgages, FSA may find it necessary, both prior to the bringing of this action and during the pendency of this action, to pay certain obligations which Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker have failed to pay when due, and to incur certain costs and expenses for the preservation, protection, and enforcement of FSA's interest in the real property.  Such payments, costs and expenses shall be added to the balance owing on the promissory notes, and shall bear interest at the rate set forth in the promissory notes.

28.     The mortgages described herein provide that Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker will pay all taxes when due and deliver to FSA receipts evidencing such payments.  Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker have not paid real estate taxes when due.

29.     Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker are delinquent in the payment of their indebtedness to FSA.  The promissory notes, rescheduled and reamortized promissory notes and mortgages described herein are in default.

30.     After taking all actions required pursuant to applicable regulations, on June 20, 2017, FSA accelerated the maturity of the entire indebtedness owing pursuant to the notes.  As a result, all amounts owing FSA is now due and payable.

31.     Defendant Adam Keith Tucker Farms, L.L.C. and Defendant Adam Keith Tucker owe FSA pursuant to the notes a total of $551,650.51 principal and interest accrued through May 8, 2018, with additional interest accruing thereafter at a daily rate of $37.0608.

**COMPLAINT - 11**

32.     Defendant Fall River Rural Electric Cooperative, Inc., may claim an interest in the real property owned by Defendant Adam Keith Tucker pursuant to an irrigation electric service agreement recorded June 23, 2010, as Instrument No. 528745, in the Official Records of Fremont County, Idaho.

33.     Defendant J.R. Simplot Co., dba Simplot Grower Solutions, may claim an interest in Defendant Adam Keith Tucker's wheat and potato crops pursuant to a UCC-1F recorded September 17, 2012, as Instrument No. F84529, and a continuation statement, filed April 19, 2017, as Instrument No. F54295, in the Official Records of the Idaho Secretary of State.

34.     Defendant Thresher Artisan Wheat may claim an interest in the Defendant Adam Keith Tucker's wheat crop by reason of a seed lien, recorded June 15, 2017, as Instrument No. S29551, Official Records of Idaho Secretary of State.

35.     The interests of all Defendants are inferior to the interest of FSA.

WHEREFORE, the United States of America, requests judgment against Defendants as follows:

1.     Against Defendant Adam Keith Tucker Farms, LLC and Defendant Adam Keith Tucker in the amount of $551,650.51, consisting of $514,080.68 principal and $37,569.83 interest accrued through May 8, 2018; interest accruing on the unpaid principal at the rate of $37.0608 per day from and after May 8, 2018, to the date of judgment, and interest from the date of judgment at the legal rate until paid in full; for costs of bringing this action; and other proper relief.

2.     That the usual decree of foreclosure be entered by this Court for the sale of the real property and irrigation equipment described in the real estate mortgages, and the personal property described in the security agreements; that the United States or any other party to this

**COMPLAINT - 12**

action may be a purchaser at the sale of the real property and irrigation equipment appurtenant thereto; that the purchaser of the real property and irrigation equipment shall be issued a Certificate of Purchase and immediately let into possession of the real property and irrigation equipment; that at the termination of the redemption period the Marshal shall issue a Marshal's Deed to the purchaser for the real estate and irrigation equipment; and that the United States Marshal after the foreclosure sale of the personal property, shall execute and deliver to the purchaser a bill of sale to the personal property.

3.      That all persons including all Defendants, together with every person claiming any right, title, claim, liens or encumbrances of any kind or character on or against the real and personal property subsequent to the liens of the United States' mortgages and security agreements are foreclosed, and shall be barred and foreclosed of and from all rights and claims in and to the real and personal property, except for redemption rights provided by applicable law.

4.      That this Court direct that the proceeds realized from the sale of real property, appurtenant irrigation equipment, and the personal property be applied as follows:  first, in payment of the costs and expenses of this action, and second, in payment of the United States' judgment.

5.      Such further relief as the Court deems fit and proper.

DATED this 19th day of October, 2018.

BART M. DAVIS
United States Attorney


/s/ Nicholas J. Woychick
NICHOLAS J. WOYCHICK
Assistant United States Attorney


**COMPLAINT - 13**

# EXHIBIT A

This form is available electronically.

| | Form Approved - OMB No. 0560-0237 |
|---|---|
| | (See Page 3 for Privacy Act and Public Burden Statements.) |

**FSA-2026**
(04-08-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| ADAM KEITH TUCKER<br>DEEDEE MARIE TUCKER | IDAHO | MADISON |

| 4. Case Number<br>12-022-519218725 | 5. Fund Code<br>41 | 6. Loan Number<br>02 | 7. Date<br>05-24-2010 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br>203 FO-REG-BEGINNING FARMER | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   REXBURG, IDAHO                                or at such other place as the Government may later designate in writing, the principal sum of *(b)*   TWO HUNDRED EIGHTY THOUSAND AND NO/100---------------------------

---------------------------------- dollars *(c)* ($ 280,000.00------------------------ , plus interest on the unpaid principal balance at the **RATE** of *(d)* FIVE-------------------------------------------------------

percent *(e)*  5.0000-- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  THIRTY                installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 18,215.00 | 05-24-2011 | $ 18,215.00 | 05-24-2012 |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $  18,215.00      thereafter on the *(e)* May 24th         of each *(f)* YEAR       until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   THIRTY (30)          years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay) USDA is an equal opportunity provider and employer.

Initial AKT /DT   Date 5/24/10

FSA-2026 (04-08-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _DT  AKT_ Date _5/24/10_

FSA-2026 (04-08-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


ADAM KEITH TUCKER


DEEDEE MARIE TUCKER

6766 W 3200 S
REXBURG ID 83440

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT B

"This Mortgage is to be filed and indexed not only as a mortgage but also as a fixture filing."

Instrument No. 528342
25 DAY  MAY  2010
At 09 O'Clock 03 M
ABBIE MACE
FREMONT CO RECORDER
Fee $18.00
JFlores          Deputy
Recorded at Request of
FIRST AMERICAN TITLE - RE

**FSA 1927-1 ID**
(11-20-02)

*Position 5*

UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR IDAHO

THIS MORTGAGE ("instrument") is made on _____ May 24 _____, 20 10 . The mortgagor is ADAM KEITH TUCKER and DEEDEE MARIE TUCKER, husband and wife

("Borrower" whose mailing address is 6766 W 3200 S, REXBURG  ID  83440

through the Farm Service Agency, United States Department of Agriculture ("Government") located at REXBURG, ID . This instrument is given to the United States of America, acting

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 04-01-2010 | $300,000.00 | 2.8750 | 04-01-2011 |
| 05-24-21010 | 280,000.00 | 5.0000 | 05-24-2040 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Idaho, County or Counties of _____ FREMONT _____

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial DT AKT  date 5/24/10

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees; court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local

Initial _____ date _5/24/__

environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so: (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

Initial _AK_ date _5/24/10_

FSA 1927-1 ID (11-20-02) *Page 3 of 5*

528342

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

**NON-UNIFORM COVENANTS.** Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetency; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of lease and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all of any part of the property, the Government may pay its share of the purpose price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Adam Tucker_ (SEAL)                                      _____ (SEAL)
ADAM KEITH TUCKER

_DeeDee Tucker_ (SEAL)                                    _____ (SEAL)
DEEDEE MARIE TUCKER

**ACKNOWLEDGMENTS**

STATE OF IDAHO          } ss.        (Individual)
COUNTY OF MADISON

On this 24TH day of MAY, 2010 , before me personally appeared ADAM KEITH TUCKER and
DEEDEE MARIE TUCKER , to be known to me to be the same person(s) whose name is subscribed
to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

1-3-2012

NICKI L. STEARS
STATE OF IDAHO
NOTARY PUBLIC

_____
NOTARY PUBLIC

*Note: Page 5 of 5 applies to entities only and will not be recorded for individuals.*

Initial AKT date 5/24/0

FSA 1927-1 ID (11-20-02) *Page 4 of 5*

528342

EXHIBIT "A"

Attachment to *Mortgage for Idaho* for Adam Keith Tucker and DeeDee Marie Tucker, dated 5-24-2010.

**PARCEL 1:**
COMMENCING AT A POINT 90 RODS EAST OF THE SW CORNER OF THE NW¼ OF SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO AND RUNNING THENCE EAST 70 RODS; THENCE NORTH 159 RODS; THENCE WEST 70 RODS; THENCE SOUTH 159 RODS TO THE POINT OF BEGINNING.

**PARCEL 2:**
AN EASEMENT FOR INGRESS AND EGRESS 1 ROD WIDE, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT 89 RODS WEST OF THE SE CORNER OF THE SW¼ OF SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO; THENCE NORTH 159 RODS, MORE OR LESS, TO A LINE PARALLEL TO AND 1 ROD SOUTH OF THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE EAST 20 RODS; THENCE NORTH 1 ROD TO THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE WEST ALONG THE SOUTH LINE OF SAID NW¼ OF SECTION 23, 21 RODS; THENCE SOUTH 160 RODS, MORE OR LESS, TO THE SOUTH LINE OF THE SW¼ OF SAID SECTION 23; THENCE EAST 1 ROD TO THE POINT OF BEGINNING.

*AKT DT*
Initial

*5/24/10*
Date

**Attachment to _Mortgage for Idaho_ for Adam Keith Tucker dated 5/24/2010**

**Water Rights:**

70 acres/shares in Enterprise Irrigation District
122.5 acre feet of storage water in Fremont-Madison Irrigation District

**Irrigation Equipment:**

The following described irrigation equipment now affixed or to be affixed to real estate described in Exhibit "A", including all replacements of or substitutions to.

(4) ¼ mile wheel lines
(1) aluminum handline – 800' (20 joints) 4" diameter
(1) 30 hp U.S. electric motor model R-1863-01-269 no sn# found
(1) Peerless centrifugal pump model PE3X4X8 sn#70SF1550
 Approximately 1,100 feet of buried PVC mainline, size 6" diameter

Initials _AKT_  _DT_        Date _5/24//10_                    page 7

# EXHIBIT C

Reamostized-
Not Paid

This form is available electronically.

Form Approved - OMB No. 0560-0236
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2489**
(09-03-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## ASSUMPTION AGREEMENT

### PART A - GENERAL

**1. Full Case Number of Assuming Party (ST/CO/9 digits SSN/TIN)**

12-022-0 274465687

| 2A. Type of Loan | | | | | | 2B. Type of Security | |
|---|---|---|---|---|---|---|---|
| ☐ OL | ☒ FO | ☐ EM | ☐ EE | ☐ SW | ☐ CL | ☒ Real Estate | ☐ Chattels |
| ☐ Regular | ☐ Limited Resource | | ☐ Non-Program | | | | |

| 3A. Transferee Eligibility | 3B. Amount of Transfer | 3C. Release of Liability |
|---|---|---|
| ☒ *(1)* Eligible - Same rates and terms | ☒ *(1)* Transfer for full amount of debt | ☐ *(1)* Transferor released from personal liability |
| ☐ *(2)* Eligible - New rates and terms | ☐ *(2)* Transfer for less than full amount of debt | ☒ *(2)* Transferor not released from personal liability |
| ☐ *(3)* Ineligible transferee | | |

### PART B - AGREEMENT

**4. THIS AGREEMENT** dated *(a)*     May 17, 2012,     is between the United States Department of Agriculture,

acting through the Farm Service Agency ("Government,") and *(b)*     Adam Keith Tucker Farms LLC

("assuming parties"), whose address is *(c)*     99 N 2500 E, Teton, ID 83451

**5. BECAUSE** Government is the holder of loans evidenced by certain debt instruments executed by the present debtor

*(a)*     Adam Keith & DeeDee Marie Tucker     , case number *(b)*     12-022-519218725     , and identified as follows

in Item 6.

**6. DEBT INSTRUMENT DATA**

| *(a)* Fund Code and Loan Number | *(b)* Date Executed | *(c)* Original Amount | *(d)* Unpaid Balance | | *(e)* Interest Rate |
|---|---|---|---|---|---|
| | | | *(1)* Principal | *(2)* Interest | |
| 41-02 | 5/24/2010 | $280,000.00 | $275,631.58 | $13,668.30 | 5.00% |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD)*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer*

Initial: _____  Date: 5/17/12

AKT     5/17/12

**FSA-2489** (09-03-10)  Page 2 of 3

7. **BECAUSE** in connection with such loans the following-described security instruments were taken on property described

therein and located in *(a)*   Fremont

County, State of *(b)*   Idaho   , and identified as follows in Item 8.

| 8. SECURITY INSTRUMENT DATA | | | | |
|---|---|---|---|---|
| *(a)*<br>Instrument | *(b)*<br>Date Executed | *(c)*<br>Office Where Recorded or Filed | *(d)*<br>Book, Volume, or Document | *(e)*<br>Page |
| Real Estate<br>Mortgage | 5/24/2010 | Fremont County Courthouse | 528342 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

9. **THEREFORE,** in consideration of the assumption of indebtedness as herein provided, and the Government's consent to such assumption and to any accompanying conveyance or transfer of security property to the assuming parties, it is agreed as follows:

The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government , the amounts, and on the dates specified in the following checked block:

A. ☒ **THE SUM OF** *(1)*   Two hundred seventy-five thousand, six hundred thirty-one & 58/100

dollars *(2)* ($   275,631.58   ), plus **INTEREST** on the **UNPAID PRINCIPAL** at the

rate of *(3)*   Five   **PERCENT,** *(4)* (   5.00   %) **PER ANNUM,**

in *(5)*   29   installments due and payable as follows in Item 9C.

B. ☐ Of the entire unpaid indebtedness under said debt and security instruments, **THE SUM OF** *(1)*

dollars *(2)* ($   )

principal, with **INTEREST** thereon at the rate of *(3)*   **PERCENT,** *(4)*   %

**PER ANNUM** from the date hereof, plus *(5)*

dollars *(6)* ($   ) accrued interest as of the date hereof, without interest thereon, which accrued interest is

included in the first installment written below in Item 9C.

C. The principal and interest shall be due and payable as follows:

| *(1)*<br>Installment Amount | *(2)*<br>Due Date | *(1)*<br>Installment Amount | *(2)*<br>Due Date |
|---|---|---|---|
| 18,215.00 | 5/24/2012 | ----------NA------------ | --------NA-------- |
| ----------NA------------ | --------NA-------- | ----------NA------------ | --------NA-------- |
| ----------NA------------ | --------NA-------- | ----------NA------------ | --------NA-------- |
| ----------NA------------ | --------NA-------- | ----------NA------------ | --------NA-------- |
| ----------NA------------ | --------NA-------- | ----------NA------------ | --------NA-------- |

and *(3)* $   --18,215.00--   thereafter on *(4)*   -----5/24-----   of each *(5)*   -----Year-------   until the

indebtedness hereby assumed is paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner, shall be due and payable on or before

☒ *(6)*   5/24/2040   ; *(7)*   40   years from the date of the original loan being assumed; or,

☐ *(8)*   ; *(9)*   years from the date of this assumption.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the borrower to pay the remaining installments as scheduled in this assumption agreement.

Initial: _OT_   Date: _5/17/18_
_AKT_   _5/17/12_

FSA-2489 (09-03-10)

10. Payments shall be applied in accordance with FSA regulations.

11. If this assumption evidences a limited resource loan, Government may **CHANGE THE RATE OF INTEREST** in accordance with the regulations of the Government by giving the borrower thirty (30) days prior written notice at the borrower's last known address.

12. The provisions of said debt security instruments, and of any outstanding agreements executed or assumed by the present debtors pertinent thereto, shall except as modified herein, remain in full force and effect, and the assuming parties hereby assume the obligations of and agree to be bound by and to comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors. Any provisions of the debt and security instruments which require *(a)* that the borrower live on and operate the Government financed farm or *(b)* graduate to other sources of credit, will not apply to assumptions by an ineligible transferee.

13. This agreement shall be subject to the present regulations of the Government and its future regulations which are not inconsistent with the express provisions hereof.

## PART C - SIGNATURES

| 14A. Signature | 14B. Date |
|---|---|
| | 5/17/12 |
| 15A. Signature | 15B. Date |
| | May 17, 2012 |
| 16A. Signature | 16B. Date |
| | |
| 17A. Signature | 17B. Date |
| | |

## FSA USE ONLY

| 18A. Agency Official's Name | 18B. Title |
|---|---|
| Kory Murdock | Farm Loan Officer |
| 18C. Signature | 18D. Date |
| | 5/17/2012 |

NOTE:   *The following is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0236. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

# EXHIBIT D

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Public Burden Statements.)*

**FSA-2026**
(09-03-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name ADAM KEITH TUCKER FARMS LLC | | 2. State IDAHO | 3. County FREMONT |
|---|---|---|---|
| 4. Case Number 12-022-274465687 | 5. Fund Code 44 | 6. Loan Number 03 | 7. Date MAY 17, 2012 |

| 8. TYPE OF ASSISTANCE 209 - OL BF REGULAR ONE-YEAR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan     ☐ Conservation easement     ☐ Deferred payments

☐ Consolidation     ☐ Rescheduling     ☐ Debt write down

☐ Subsequent loan     ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   REXBURG, IDAHO                      or at such other place as the Government may later designate in writing, the principal sum of *(b)*  TWO HUNDRED EIGHTY-FOUR THOUSAND AND 00/100------------------
------------------------------- dollars *(c)* ($  ----------284,000.00-------------  , plus interest on the unpaid principal balance at the RATE of *(d)* ----------------------ONE AND HALF----------------------
percent *(e)*   -1.50-        %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   --------------------------ONE--------------------------------
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 288,260.00 | 5/17/2013 | $ ----NA----- | ----NA----- |
| $ ----NA----- | ----NA----- | $ ----NA----- | ----NA----- |
| $ ----NA----- | ----NA----- | $ ----NA----- | ----NA----- |
| $ ----NA----- | ----NA----- | $ ----NA----- | ----NA----- |

and *(d)* $  ----NA-----      thereafter on the *(e)*  ----NA-----       of each *(f)* ----NA----      until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   -----ONE------      years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal relay). USDA is an equal opportunity provider and employer.

Initial ____ Date _____

FSA-2026 (09-03-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _AKT_   Date _5/18/12_
_DT_        _5/18/12_

FSA-2026 (09-03-10)                                                                                          Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_____                    _____
ADAM KEITH TUCKER FARMS LLC - BORROWER             ADAM KEITH TUCKER - BORROWER
99 N 2500 E                                         99 N 2500 E
TETON ID 83451                                      TETON ID 83451


_____
DEEDEE MARIE TUCKER - BORROWER
99 N 2500 E
TETON ID 83451

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT E

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name ADAM KEITH TUCKER FARMS LLC | 2. State IDAHO | 3. County FREMONT |
|---|---|---|

| 4. Case Number 12-022-274465687 | 5. Fund Code 44 | 6. Loan Number 06 | 7. Date JUNE 26, 2013 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE 211 - OL BF REGULAR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:
☐ Initial loan ☐ Conservation easement ☐ Deferred payments
☐ Consolidation ☒ Rescheduling ☐ Debt write down
☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)* REXBURG, IDAHO or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED TWENTY-SEVEN THOUSAND, SEVEN HUNDRED EIGHTY & 57/100 dollars *(c)* ($ --------127,780.57-------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ----------------ONE AND ONE-QUARTER----------------- percent *(e)* --1.25-- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ------------------------FIFTEEN------------------------------ installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,396.00 | 6/26/2014 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $ 9,396.00 thereafter on the *(e)* -------6/26------ of each *(f)* ---YEAR--- until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* ------FIFTEEN------ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial *AKT* Date 6/26/13

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-03 | $ 284,000.00 | 1.50 % | 5/17/2012 | ADAM KEITH TUCKER FARMS LLC | 5/17/2013 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial ___AKT___ Date _6/26/13_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N 2500 E
TETON ID 83451

ADAM KEITH TUCKER - BORROWER
99 N 2500 E
TETON ID 83451

DEEDEE MARIE TUCKER - BORROWER
99 N 2500 E
TETON ID 83451

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT F

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name Adam Keith Tucker Farms LLC | | 2. State IDAHO | 3. County FREMONT |
|---|---|---|---|
| 4. Case Number 12-022-274465687 | 5. Fund Code 44 | 6. Loan Number 06  13 | 7. Date July 1, 2015 |
| 8. TYPE OF ASSISTANCE 211 - OL BF REGULAR | | 9. ACTION REQUIRING PROMISSORY NOTE: | |

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Consolidation
- [ ] Subsequent loan
- [ ] Conservation easement
- [X] Rescheduling
- [ ] Reamortization
- [ ] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)* REXBURG, IDAHO or at such other place as the Government may later designate in writing, the principal sum of *(b)* --ONE HUNDERED TWENTY ONE THOUSAND, FIVE HUNDRED TWO & 15/100-- dollars *(c)* ($ ----------121,502.15------------ , plus interest on the unpaid principal balance at the RATE of *(d)* ------------------ONE AND ONE QUARTER----------------- percent *(e)* -1.25- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ----------------------THIRTEEN-------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 10,185.00 | 07/01/2016 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $ -10,185.00- thereafter on the *(e)* ------7/1-------- of each *(f)* ---YEAR--- until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* ----THIRTEEN--- years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  AKT  Date  7/1/15

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-06 | $ 127,780.57 | 1.25 % | 06/26/2013 | ADAM KEITH TUCKER FARMS LLC | 06/26/2014 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligation- are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _AKT_ Date _7/1/15_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_____
ADAM KEITH TUCKER-    BORROWER
99 N. 2500 E.
TETON ID 83451

_____
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N. 2500 E.
Teton, ID 83451

**NOTE:**   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT G

This form is available electronically

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026<br>(09-03-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
| --- | --- | --- |

## PROMISSORY NOTE

| 1. Name<br>ADAM KEITH TUCKER FARMS LLC | | 2. State<br>IDAHO | 3. County<br>FREMONT |
| --- | --- | --- | --- |
| 4. Case Number<br>12-022-274465687 | 5. Fund Code<br>44 | 6. Loan Number<br>04 | 7. Date<br>MAY 17, 2012 |

| 8. TYPE OF ASSISTANCE<br>211 - OL BF REGULAR | 9. ACTION REQUIRING PROMISSORY NOTE: |
| --- | --- |

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☐ Rescheduling ☐ Debt write down

☒ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* REXBURG, IDAHO or at such other place as the Government may later designate in writing, the principal sum of *(b)* SIXTEEN THOUSAND AND 00/100------------------------------------- ------------------------------ dollars *(c)* ($ ----------16,000.00------------- , plus interest on the unpaid principal balance at the RATE of *(d)* --------------------ONE AND ONE-HALF-------------------- percent *(e)* -1.50- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ------------------------SEVEN------------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
| --- | --- | --- | --- |
| $ 2,425.00 | 5/17/2013 | $ ----NA----- | ----NA----- |
| $ ----NA----- | --NA----- | $ ----NA----- | ----NA----- |
| $ ----NA----- | ----NA----- | $ ----NA----- | ----NA----- |
| $ ----NA----- | ----NA----- | $ ----NA----- | ----NA----- |

and *(d)* $ --2,425.00-- thereafter on the *(e)* ------5/17----- of each *(f)* ---YEAR--- until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* -----SEVEN----- years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial ___ Date 5/17/12
AKT 5/17/

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _AKT_   Date _5/18/12_
       DX       5/11/12

FSA-2026 (09-03-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Adam Tucker_
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N 2500 E
TETON ID 83451

_Adam Tucker_
ADAM KEITH TUCKER - BORROWER
99 N 2500 E
TETON ID 83451


_Deebee Marie Tucker_
DEEBEE MARIE TUCKER - BORROWER
99 N 2500 E
TETON ID 83451


NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT H

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>Adam Keith Tucker Farms LLC | 2. State<br>IDAHO | 3. County<br>FREMONT |
|---|---|---|
| 4. Case Number<br>12-022-274465687 | 5. Fund Code<br>44 | 6. Loan Number<br>84  2 | 7. Date<br>July 1, 2015 |

| 8. TYPE OF ASSISTANCE<br>211 - OL BF REGULAR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☒ Rescheduling   ☐ Debt write down

☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its offices in *(a)*  REXBURG, IDAHO  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  -----ELEVEN THOUSAND SEVEN HUNDRED NINETY THREE AND 56/100-----
---------------------------------  dollars *(c)* ($  ----------11,793.56-------------  , plus interest on the unpaid principal balance at the RATE of *(d)*  -----------------ONE AND ONE HALF-----------------
percent *(e)*  -1.5-  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  ----------------------FIFTEEN-------------------------
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 884.00 | 07/01/2016 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $  ---884.00---  thereafter on the *(e)*  ------7/1--------  of each *(f)*  ---YEAR---  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  ----FIFTEEN---  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  *AKT*  Date  *7/1/15*

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-04 | $ 16,000 | 1.50 % | 05/17/2012 | ADAM KEITH TUCKER FARMS LLC | 05/17/2013 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  _AKT_  Date _7/1/15_

FSA-2026 (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

ADAM KEITH TUCKER-   BORROWER
99 N. 2500 E.
TETON ID 83451

ADAM KEITH TUCKER FARMS LLC – BORROWER
99 N. 2500 E.
Teton, ID 83451

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT I

THIS MORTGAGE IS TO BE _ILED AND INDEXED NOT ONLY A_ A MORTGAGE, BUT ALSO AS A FIXTURE FILING.  538667

*Position 5*  Form Approved – OMB No. 0560-0237
*(See Page 7 for Privacy Act and Public Burden Statements)*

**FSA-2029 ID**
(06-09-10)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR IDAHO

THIS MORTGAGE ("instrument") is made on ___May 17___, 20 _12_ . The mortgagor is ___Adam Keith Tucker Farms LLC___

_____ ("Borrower") whose mailing address is ___99 N 2500 E, Teton, ID 83451___
_____ . This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at ___302 Profit St., Rexburg, ID 83440___

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 5/17/2012 | $284,000.00 | 1.50% | 5/17/2013 |
| 5/17/2012 | $16,000.00 | 1.50% | 5/17/2019 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Idaho, County or Counties of ___Fremont___

_____

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _DT_ date _5/17/12_
_AKT_  _5/17/12_

FSA-2029 ID (06-09-10) Page 1 of 7

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

5328607

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the rights, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

Initial ⬚ date 5/17/12
AKT 5/17/12

538687

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any Federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

Initial $DT$   date $5/17/12$
$AKT$   $5/17/12$

FSA-2029 ID (06-09-10) Page 3 of 7

538827

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetency; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of lease and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to r eceive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all of any part of the property, the Government may pay its share of the purpose price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial $\underline{\cancel{\mathcal{O}}}$ date $\underline{5/17/12}$
$\mathcal{AKT}$ $5/17/12$

538687

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Adam Tucker_ (SEAL)
Adam Keith Tucker Farms LLC

_____ (SEAL)

_Adam Tucker_ (SEAL)
Adam Keith Tucker

_DeeDee M. Tucker_ (SEAL)
DeeDee Marie Tucker

ACKNOWLEDGMENTS

STATE OF IDAHO

COUNTY OF  Madison

} ss.  (Individual)

On this  17th  day of  May, 2012  , before me personally appeared  Adam Keith Tucker and DeeDee
Marie Tucker  , to be known to me to be the same person(s) whose name is subscribed
to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary
act, for the uses and purposes set forth.

My commission expires:

_2-28-17_

_Nichole Roberts_

NOTARY PUBLIC

[Notary seal: NICHOLE ROBERTS — NOTARY PUBLIC — STATE OF IDAHO]

*Notes: Page 6 of 7 applies to entities and will not be recorded for individuals.*
*Page 7 of 7 contains the privacy act, public burden, and USDA nondiscrimination statements and will not be recorded.*

Initial _DT_  date _5/17/12_
_AKT_  _5/17/12_

538607

STATE OF IDAHO

COUNTY OF  Madison

} ss.    (Corporation)

The foregoing instrument was acknowledged before me this   17th    day of    May, 2012      , by   Adam Keith Tucker

_____, President and   DeeDee Marie Tucker

Secretary of   Adam Keith Tucker Farms LLC    , a   Limited Liability    corporation, on behalf of the corporation.

My commission expires:

2-28-17

*Nichole Roberts*

NOTARY PUBLIC

STATE OF IDAHO

COUNTY OF _____

} ss.    (Partnership)

The foregoing instrument was acknowledged before me this _____ day of _____ , by _____

_____, Partners, on behalf of the _____

_____, a _____ partnership.

My commission expires:

_____

_____

NOTARY PUBLIC

Initial *AKT* date *5/17/12*
DT     5/17/12

FSA-2029 ID (06-09-10) Page 6 of 7

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _AKT_ date _5/17/12_
_DT_      _5/17/12_

EXHIBIT "A"

Attachment to *Mortgage for Idaho* for Adam Keith Tucker Farms LLC dated 5/17/2012

PARCEL 1:
COMMENCING AT A POINT 90 RODS EAST OF THE SW CORNER OF THE NW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO AND
RUNNING THENCE EAST 70 RODS; THENCE NORTH 159 RODS; THENCE WEST 70
RODS; THENCE SOUTH 159 RODS TO THE POINT OF BEGINNING.

PARCEL 2:
AN EASEMENT FOR INGRESS AND EGRESS 1 ROD WIDE, MORE PARTICULARLY
DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT 89 RODS WEST OF THE SE CORNER OF THE SW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO;
THENCE NORTH 159 RODS, MORE OR LESS, TO A LINE PARALLEL TO AND 1 ROD
SOUTH OF THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE EAST 20
RODS; THENCE NORTH 1 ROD TO THE SOUTH LINE OF THE NW¼ OF SAID SECTION
23; THENCE WEST ALONG THE SOUTH LINE OF SAID NW¼ OF SECTION 23, 21 RODS;
THENCE SOUTH 160 RODS, MORE OR LESS, TO THE SOUTH LINE OF THE SW¼ OF
SAID SECTION 23; THENCE EAST 1 ROD TO THE POINT OF BEGINNING.

Microfilm No. 538667
21 Day may 20 12
At 1:50 O'Clock P M
ABBIE MACE
FREMONT CO RECORDER
Fee $ 28 — Deputy
Recorded at Request of
Farm Service Agency

*AKT*
Initial

*5/17/12*
Date

*DT*

*5/17/12*

# EXHIBIT J



## THIS MORTGAGE IS TO BE FILED AND INDEXED NOT ONLY AS A MORTGAGE, BUT ALSO AS A FIXTURE FILING.

<table>
<tr><td></td><td><em>Position 5</em></td><td>Form Approved – OMB No. 0560-0237</td></tr>
</table>

**FSA-2029 ID**
(02-21-13)

*(See Page 7 for Privacy Act and Paperwork Reduction Act Statements)*
UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

### MORTGAGE FOR IDAHO

THIS MORTGAGE ("instrument") is made on   July 18       , 20  13  . The mortgagor is   Adam Keith
Tucker Farms LLC

_____ ("Borrower") whose mailing address is   99 N 2500 E, Teton, ID 83451
_____ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at   302 Profit St.,
Rexburg, ID 83440

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 7/18/2013 | $156,000.00 | 1.25% | 7/18/2014 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001;  (3) payment of all advances and expenditures, with interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Idaho, County or Counties of   Fremont

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and

Initial _____ date  7/18/13

FSA-2029 ID (02-21-13) Page 1 of 7

544887

income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the rights, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial _OT_ date _7/18/13_

FSA-2029 ID (02-21-13) Page **2** of 7

544887

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any Federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

Initial _ЄT_ date _7/18/13_

FSA-2029 1D (02-21-13) Page 3 of 7

544887

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetency; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of lease and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to r eceive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all of any part of the property, the Government may pay its share of the purpose price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial _PT_ date _7/18/13_

FSA-2029 ID (02-21-13) Page 4 of 7

544887

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ (SEAL)
Adam Keith Tucker Farms LLC

_____ (SEAL)

_____ (SEAL)
Adam Keith Tucker

_____ (SEAL)
DeeDee Marie Tucker

## ACKNOWLEDGMENTS

STATE OF IDAHO

COUNTY OF  Madison          }  ss.    (Individual)

On this __18th__ day of __July, 2013__ , before me personally appeared  Adam Keith Tucker & DeeDee Marie Tucker
_____ , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

2/28/2017

_____
Nichole Roberts
NOTARY PUBLIC

*Notes:  Page 6 of 7 applies to entities and will not be recorded for individuals.*
*Page 7 of 7 contains the privacy act paperwork reduction act, and USDA nondiscrimination statements and will not be recorded.*

Initial ____ date 7/18/13

544887

STATE OF IDAHO

COUNTY OF  Madison          } ss.    (Corporation)

The foregoing instrument was acknowledged before me this  18th   day of   July, 2013      , by   Adam Keith
Tucker                                          , President and   DeeDee Marie Tucker
Secretary of   Adam Keith Tucker Farms         , a   Limited Liability      corporation, on behalf of the corporation.
               LLC

My commission expires:

2/28/2017

_____
Nichole Roberts
NOTARY PUBLIC

STATE OF IDAHO

COUNTY OF  _____    } ss.    (Partnership)

The foregoing instrument was acknowledged before me this  _____ day of  _____ , by  _____
_____ , Partners, on behalf of the  _____
_____ , a  _____ partnership.

My commission expires:

_____

_____

_____
NOTARY PUBLIC

Initial _____ date 7/18/13

544887

Exhibit A

PARCEL 1:
COMMENCING AT A POINT 90 RODS EAST OF THE SW CORNER OF THE NW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO AND
RUNNING THENCE EAST 70 RODS; THENCE NORTH 159 RODS; THENCE WEST 70
RODS; THENCE SOUTH 159 RODS TO THE POINT OF BEGINNING.

PARCEL 2:
AN EASEMENT FOR INGRESS AND EGRESS 1 ROD WIDE, MORE PARTICULARLY
DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT 89 RODS WEST OF THE SE CORNER OF THE SW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO;
THENCE NORTH 159 RODS, MORE OR LESS, TO A LINE PARALLEL TO AND 1 ROD
SOUTH OF THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE EAST 20
RODS; THENCE NORTH 1 ROD TO THE SOUTH LINE OF THE NW¼ OF SAID SECTION
23; THENCE WEST ALONG THE SOUTH LINE OF SAID NW¼ OF SECTION 23, 21 RODS;
THENCE SOUTH 160 RODS, MORE OR LESS, TO THE SOUTH LINE OF THE SW¼ OF
SAID SECTION 23; THENCE EAST 1 ROD TO THE POINT OF BEGINNING.

Initial _____      Date _7/8/13_

# EXHIBIT K

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 | | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
| (12-05-12) | | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>ADAM KEITH TUCKER FARMS LLC | | 2. State<br>IDAHO | 3. County<br>FREMONT |
|---|---|---|---|
| 4. Case Number<br>12-022-274465687 | 5. Fund Code<br>41 | 6. Loan Number<br>*O7* | 7. Date<br>JUNE 26, 2013 |
| 8. TYPE OF ASSISTANCE<br>203 - FO BF REGULAR | | 9. ACTION REQUIRING PROMISSORY NOTE: | |

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan      ☐ Conservation easement      ☐ Deferred payments

☐ Consolidation     ☒ Rescheduling               ☐ Debt write down

☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)*  REXBURG, IDAHO                               or at such other place as the Government may later designate in writing, the principal sum of *(b)*  TWO HUNDRED EIGHTY-SIX THOUSAND, ONE HUNDRED THIRTY-FIVE & 31/100
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - dollars *(c)* ($  - - - - - - - -286,135.31- - - - - - - - - - - - - -  , plus interest on the unpaid principal balance at the RATE of *(d)*  - - - - - - - - - - - - -THREE AND THREE-EIGHTHS- - - - - - - - - - - - - - - - - - percent *(e)*  -3.375-      %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  - - - - - - - - - - - - - - - - - - - - - - - -THIRTY-SIX- - - - - - - - - - - - - - - - - - - - - - - - - - - - installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 13,850.00 | 6/26/2014 | $ - - - - -NA- - - - | - - - - -NA- - - - |
| $ - - - - -NA- - - - | - - - - -NA- - - - | $ - - - - -NA- - - - | - - - - -NA- - - - |
| $ - - - - -NA- - - - | - - - - -NA- - - - | $ - - - - -NA- - - - | - - - - -NA- - - - |
| $ - - - - -NA- - - - | - - - - -NA- - - - | $ - - - - -NA- - - - | - - - - -NA- - - - |

and *(d)* $  -13,850.00-      thereafter on the *(e)*  - - - - - - -6/26- - - - - -      of each *(f)*  - - -YEAR- - -      until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  - - - -THIRTY-SIX- - - -      years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  *AKT*      Date  *6/24/13*

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 41-05 | $ 280,000.00 | 5.00 % | 5/24/2010 | ADAM KEITH TUCKER FARMS LLC | 5/24/2040 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial __AKT__  Date __6/26/13__

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_____
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N 2500 E
TETON ID 83451


_____
DEEDEE MARIE TUCKER - BORROWER
99 N 2500 E
TETON ID 83451


_____
ADAM KEITH TUCKER - BORROWER
99 N 2500 E
TETON ID 83451


**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT L

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |

## PROMISSORY NOTE

| 1. Name ADAM KEITH TUCKER FARMS LLC | 2. State IDAHO | 3. County FREMONT |
|---|---|---|
| 4. Case Number 12-022-274465687 | 5. Fund Code 41 | 6. Loan Number 09 14 | 7. Date JULY 1, 2015 |

| 8. TYPE OF ASSISTANCE 203 - FO BF REGULAR | 9. ACTION REQUIRING PROMISSORY NOTE: |

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☐ Rescheduling ☐ Debt write down

☐ Subsequent loan ☒ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)*  REXBURG, IDAHO  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  TWO HUNDRED NINETY-ONE THOUSAND, FIVE HUNDRED EIGHTY EIGHT & 28/100----------------------- dollars *(c)* ($  -------291,588.28------------- , plus interest on the unpaid principal balance at the RATE of *(d)*  ---------------------THREE AND THREE-EIGHTH------------ percent *(e)*  -3.375-  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  ---------------THIRTY FOUR----------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 14,548.00 | 07/01/2016 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $  -14,548.00-  thereafter on the *(e)*  -------7/1------  of each *(f)*  ---YEAR---  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  ----THIRTY FOUR----  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial *AKT*   Date *7/1/15*

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 41-07 | $ 286,135.31 | 3.375 % | 06/26/2013 | ADAM KEITH TUCKER FARMS LLC | 06/24/2014 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _AKT_ Date _7-1-15_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_____
ADAM KEITH TUCKER-    BORROWER
99 N. 2500 E.
TETON ID 83451

_____
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N. 2500 E.
Teton, ID 83451

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT M



FSA-2500-1 ID
09-01-2008

### UNITED STATES DEPARTMENT OF AGRICULTURE

#### FARM SERVICE AGENCY

### AGREEMENT FOR EXTENSION OF REAL ESTATE MORTGAGE

This agreement entered into this 26th    day of    June, 2013    between
Adam Keith Tucker Farms LLC/Adam Keith Tucker & DeeDee Marie Tucker    , hereinafter called "Borrower,"
of  99 N 2500 E, Teton, ID 83451    , County of  Fremont    , Idaho, and the UNITED
STATES OF AMERICA, acting through the United States Department of Agriculture, Farm Service
Agency, with a State Office in Boise, Ada County, Idaho hereinafter called the "Government";

WHEREAS, on May 24, 2012,    Borrower executed a Real Estate Mortgage covering
land in  Fremont    County, Idaho, described as follows:
See original mortgage.

which mortgage was recorded on 5/25/2012 , as instrument No. 528343    on the mortgage records of
Fremont    County, Idaho, securing the promissory note(s) described therein evidencing
Government to the Borrower;

WHEREAS, on  June 26, 2013    , Borrower executed a Promissory Note  with the
Government, under the provisions of which the $ 286,135.31    balance of the indebtedness secured
by said mortgage was reamortized and extended so as to provide for annual installments over the period
ending  June 26, 2049    , the DUE DATE OF THE FINAL PAYMENT; and

Initial  *AKT*   date  6/26/13

2

544535

WHEREAS, it is the desire of the Borrower and of the Government that the renewed and extended status of the obligations secured by the aforesaid Real Estate Mortgage be reflected of record, thereby continuing and extending the lien of said mortgage;

NOW; THEREFORE, In consideration of the premises and other good and valuable considerations, it is agreed by the parties hereto that said Real Estate Mortgage executed by the Borrower in favor of the Government, recorded on   May 25, 2010          records of

.Fremont             County, Idaho, is hereby supplemented and amended to reflect the renewed and extended status of the mortgage and the obligations secured thereby, as set forth in the Promissory Note described above, and it is agreed by the parties hereto that the said mortgage is continued and extended accordingly, with the DUE DATE OF THE FINAL PAYMENT BEING June 26, 2049

IN WITNESS WHEREOF, the parties hereto have executed this instrument on the day and year first above written.

Adam Keith Tucker Farms LLC
by Adam Keith Tucker

(Borrower)

(Borrower)

UNITED STATES OF AMERICA

Kory Murdock
Farm Loan Officer
Farm Service Agency
U.S. Department of Agriculture

Initial _AKT_  date 6/26/13

3

544535

## CERTIFICATE OF ACKNOWLEDGMENT FOR INDIVIDUALS

STATE OF IDAHO        )
                           ) ss:

County of Madison    )

On this 26th    day of  June        in the year of  2013 ,

before me personally appeared Adam Keith Tucker Farms LLC/Adam Keith &

DeeDee Marie Tucker            known or identified to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that they executed the same.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: _Madison Co._

My Commission expires: _10- 3-17_

*****************************************************************************

## ACKNOWLEDGEMENT

STATE OF IDAHO        )
                           ) ss:

County of Madison    )

On this 26th   day of June, 2013        , before me, the subscriber, a Notary Public, in and for the above county and State, appeared  Kory Murdock     , known to me to be Farm Loan Officer    , United States Department of Agriculture, and the person who executed the foregoing instrument, and he acknowledged to me that he executed the same as the free act and deed of the United States of America, for the uses and purposes therein expressed.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal at
Rexburg              , Idaho the day and year aforesaid.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: _Madison Co_

My Commission expires: _10 - 3- 17_

Initial _PWS_ _6/26/13_

# EXHIBIT N

FSA-2500-1 ID
09-01-2008



544536

## UNITED STATES DEPARTMENT OF AGRICULTURE

### FARM SERVICE AGENCY

### AGREEMENT FOR EXTENSION OF REAL ESTATE MORTGAGE

This agreement entered into this 26th    day of        June, 2013   between

Adam Keith Tucker Farms LLC                                , hereinafter called "Borrower,"

of  99 N 2500 E, Teton, ID 83451            , County of  Fremont      , Idaho, and the UNITED

STATES OF AMERICA, acting through the United States Department of Agriculture, Farm Service

Agency, with a State Office in Boise, Ada County, Idaho hereinafter called the "Government";

WHEREAS, on May 17, 2012,        Borrower executed a Real Estate Mortgage covering

land in  Fremont          County, Idaho, described as follows:
See original mortgage.

which mortgage was recorded on 5/21/2012 , as instrument No. 538667      on the mortgage records of

Fremont              County, Idaho, securing the promissory note(s) described therein evidencing

Government to the Borrower;

WHEREAS, on  June 26, 2013         , Borrower executed a Promissory Note  with the

Government, under the provisions of which the $ 127,780.57        balance of the indebtedness secured

by said mortgage was reamortized and extended so as to provide for annual installments over the period

ending  June 26, 2028              , the DUE DATE OF THE FINAL PAYMENT; and

Initial  AKT    date  6/26/13

2                                                                    544536

WHEREAS, it is the desire of the Borrower and of the Government that the renewed and
extended status of the obligations secured by the aforesaid Real Estate Mortgage be reflected of record,
thereby continuing and extending the lien of said mortgage;

NOW; THEREFORE, In consideration of the premises and other good and valuable
considerations, it is agreed by the parties hereto that said Real Estate Mortgage executed by the
Borrower in favor of the Government, recorded on  May 21, 2013          records of

Fremont              County, Idaho, is hereby supplemented and amended to reflect the renewed and
extended status of the mortgage and the obligations secured thereby, as set forth in the Promissory Note
described above, and it is agreed by the parties hereto that the said mortgage is continued and extended
accordingly, with the DUE DATE OF THE FINAL PAYMENT BEING June 26, 2028

IN WITNESS WHEREOF, the parties hereto have executed this instrument on the day and year
first above written.

Adam Keith Tucker Farms LLC
by   Adam Keith Tucker

(Borrower)

(Borrower)


UNITED STATES OF AMERICA

Kory Murdock
Farm Loan Officer
Farm Service Agency
U.S. Department of Agriculture


Initial _____ date 6/26/13

3                          544536

## CERTIFICATE OF ACKNOWLEDGMENT FOR INDIVIDUALS

STATE OF IDAHO   )
         ) ss:
County of Madison  )

On this 26th  day of June    in the year of 2013 ,

before me personally appeared Adam Keith Tucker Farms LLC/Adam Keith &

DeeDee Marie Tucker     known or identified to me to be the person(s)
whose name(s) are subscribed to the within instrument, and acknowledged to me
that they executed the same.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: _Madison Co_

My Commission expires: _10-3-17_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ACKNOWLEDGEMENT

STATE OF IDAHO   )
         ) ss:
County of Madison  )

On this 26th  day of June, 2013   , before me, the subscriber, a Notary
Public, in and for the above county and State, appeared Kory Murdock   ,
known to me to be Farm Loan Officer  , United States Department of Agriculture,
and the person who executed the foregoing instrument, and he acknowledged to
me that he executed the same as the free act and deed of the United States of
America, for the uses and purposes therein expressed.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal at
    Rexburg      , Idaho the day and year aforesaid.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: _Madison Co_

My Commission expires: _10-3-17_

Initial _AKT_  date _6/26/13_

# EXHIBIT O

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |

## PROMISSORY NOTE

| 1. Name ADAM KEITH TUCKER FARMS LLC | | 2. State IDAHO | 3. County FREMONT |
| 4. Case Number 12-022-274465687 | 5. Fund Code 44 | 6. Loan Number 09 | 7. Date MAY 8, 2014 |

| 8. TYPE OF ASSISTANCE 209 - OL BF REGULAR ONE-YEAR | 9. ACTION REQUIRING PROMISSORY NOTE: |

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)* REXBURG, IDAHO or at such other place as the Government may later designate in writing, the principal sum of *(b)* --------ONE HUNDRED FIFTY-EIGHT THOUSAND AND 00/100------------ ------------------------------ dollars *(c)* ($ ----------158,000.00------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ------------------TWO AND ONE-EIGHTH----------------- percent *(e)* -2.125- %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ----------------------ONE-------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 161,358.00 | 5/8/2015 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $ -----NA---- thereafter on the *(e)* ------NA-------- of each *(f)* -----NA--- until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* -----NA--- years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial ___ Date 5/8/14

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial ☒ _AKT_  Date _5|8|14_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N 2500 E
TETON ID 83451

ADAM KEITH TUCKER - BORROWER
99 N 2500 E
TETON ID 83451

DEEDEE MARIE TUCKER - BORROWER
99 N 2500 E
TETON ID 83451

**NOTE:**  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT P

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name Adam Keith Tucker Farms LLC | | 2. State IDAHO | 3. County FREMONT |
|---|---|---|---|
| 4. Case Number 12-022-274465687 | 5. Fund Code 44 | 6. Loan Number 09 15 | 7. Date July 1, 2015 |
| 8. TYPE OF ASSISTANCE 211 - OL BF REGULAR | | 9. ACTION REQUIRING PROMISSORY NOTE: | |

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☒ Rescheduling   ☐ Debt write down

☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, in offices in *(a)*   REXBURG, IDAHO   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   --SIXTY TWO THOUSAND, NINETY TWO & 33/100-- ------------------------------   dollars *(c)* ($   ----------62,092.33-------------   , plus interest on the unpaid principal balance at the RATE of *(d)*  ------------------TWO AND ONE- EIGHTH----------------- percent *(e)*   -2.125-   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   ----------------------FIFTEEN------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 4,878.00 | 07/01/2016 | $ -----NA---- | -----NA----- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $  -4,878.00-   thereafter on the *(e)*  ------7/1--------   of each *(f)*  ---YEAR---   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   ----FIFTEEN---   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  AKT   Date  7/1/15

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-09 | $ 158,000 | 2.125 % | 05/08/2014 | ADAM KEITH TUCKER FARMS LLC | 05/08/2015 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial __AKT__    Date __7/1/15__

FSA-2026 (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_____
ADAM KEITH TUCKER-   BORROWER
99 N. 2500 E.
TETON ID 83451

_____
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N. 2500 E.
Teton, ID 83451

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT Q



*Position 5*

Form Approved – OMB No. 0560-0237

**FSA-2029 ID**
(02-21-13)

*(See Page 7 for Privacy Act and Paperwork Reduction Act Statements)*

UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR IDAHO

THIS MORTGAGE ("instrument") is made on   May 8   , 20  14  . The mortgagor is   Adam Keith
Tucker Farms LLC
_____ ("Borrower") whose mailing address is   99 N 2500 E, Teton, ID 83451
_____ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at   302 Profit St.,
Rexburg, ID 83440

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 5/8/2014 | $158,000.00 | 2.125% | 5/8/2015 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001;  (3) payment of all advances and expenditures, with interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Idaho, County or Counties of   Fremont

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and

Initial AKT     date 5/8/14

FSA-2029 ID (02-21-13) Page 1 of 7

548697

income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the rights, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial _**ALS**_  date

FSA-2029 ID (02-21-13) Page 2 of 7

548697

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any Federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

Initial ___ date ___

FSA-2029 ID (02-21-13) Page 3 of 7

548697

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetency; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of lease and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to r eceive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all of any part of the property, the Government may pay its share of the purpose price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial \_\_\_\_\_ date \_\_\_\_\_

FSA-2029 ID (02-21-13) Page 4 of 7

548697

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ (SEAL)
Adam Keith Tucker Farms LLC

_____ (SEAL)

_____ (SEAL)
Adam Keith Tucker

_____ (SEAL)
DeeDee Marie Tucker

### ACKNOWLEDGMENTS

STATE OF IDAHO

COUNTY OF Madison }  *ss.*   (Individual)

On this  8th  day of  May, 2014 , before me personally appeared  Adam Keith and DeeDee Marie
Tucker , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

2-28-17

_____
NOTARY PUBLIC

*Notes: Page 6 of 7 applies to entities and will not be recorded for individuals.*
   *Page 7 of 7 contains the privacy act paperwork reduction act, and USDA nondiscrimination statements and will not be recorded.*

Initial _____ date _____

548697

STATE OF IDAHO

COUNTY OF _Madison_                }  *ss.*  (Corporation)

The foregoing instrument was acknowledged before me this   8th   day of   May, 2014   , by   Adam Keith
Tucker _Adam Tucker_                , President and   DeeDee Marie Tucker _(illegible signature)_
Secretary of   Adam Keith Tucker Farms   , a   Limited Liability   corporation, on behalf of the corporation.
LLC

My commission expires:

_2-28-17_

_Michele Robert_
NOTARY PUBLIC

STATE OF IDAHO

COUNTY OF _____          }  *ss.*  (Partnership)

The foregoing instrument was acknowledged before me this _____ day of _____ , by _____
_____ , Partners, on behalf of the _____
_____ , a _____ partnership.

My commission expires:

_____                              _____

NOTARY PUBLIC

Initial _AKTFT_ date _5/8/14_                          FSA-2029 ID (02-21-13) Page 6 of 7

548697

Exhibit A

**PARCEL 1:**

COMMENCING AT A POINT 90 RODS EAST OF THE SW CORNER OF THE NW¼ OF SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO AND RUNNING THENCE EAST 70 RODS; THENCE NORTH 159 RODS; THENCE WEST 70 RODS; THENCE SOUTH 159 RODS TO THE POINT OF BEGINNING.

**PARCEL 2:**

AN EASEMENT FOR INGRESS AND EGRESS 1 ROD WIDE, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT 89 RODS WEST OF THE SE CORNER OF THE SW¼ OF SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO; THENCE NORTH 159 RODS, MORE OR LESS, TO A LINE PARALLEL TO AND 1 ROD SOUTH OF THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE EAST 20 RODS; THENCE NORTH 1 ROD TO THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE WEST ALONG THE SOUTH LINE OF SAID NW¼ OF SECTION 23, 21 RODS; THENCE SOUTH 160 RODS, MORE OR LESS, TO THE SOUTH LINE OF THE SW¼ OF SAID SECTION 23; THENCE EAST 1 ROD TO THE POINT OF BEGINNING.

Initial _ALT_   _DX_   Date _5/8/14_

# EXHIBIT R

This form is available electronically.

(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

Form Approved - OMB No. 0560-0237

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| Adam Keith Tucker Farms LLC | IDAHO | FREMONT |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 12-022-274465687 | 44 | / / | July 1, 2015 |

| 8. TYPE OF ASSISTANCE |
|---|
| 211 - OL BF REGULAR |

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☐ Rescheduling   ☐ Debt write down

☒ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)*   REXBURG, IDAHO   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   --SEVENTY EIGHT THOUSAND, NINE HUNDRED EIGHTY & 00/100-- ----------------------------------- dollars *(c)* ($ -----------78,980.00------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ------------------TWO AND THREE-QUARTERS---------------- percent *(e)*  -2.375-   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   ----------------------ONE------------------------- installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 80,856.00 | 07/01/2016 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $  N/A   thereafter on the *(e)* N/A   of each *(f)* N/A   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   ----ONE----   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  AK   Date  7/1/15

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____AKT_____ Date _7/1/15_

FSA-2026 (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_____
ADAM KEITH TUCKER-    BORROWER
99 N. 2500 E.
TETON ID 83451

_____
ADAM KEITH TUCKER FARMS LLC - BORROWER
99 N. 2500 E.
Teton, ID 83451

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT S

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | | |
|---|---|---|
| Adam Keith Tucker Farms LLC | | |

| 2. State | 3. County |
|---|---|
| IDAHO | FREMONT |

| 4. Case Number | 5. Fund Code |
|---|---|
| 12-022-274465687 | 44 |

| 6. Loan Number |
|---|
| 10 |

| 7. Date |
|---|
| July 1, 2015 |

**8. TYPE OF ASSISTANCE**
211 - OL BF REGULAR 7 YEAR

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☐ Rescheduling  ☐ Debt write down

☒ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its offices in *(a)*  REXBURG, IDAHO                       or at such other place as the Government may later designate in writing, the principal sum of *(b)*  --SEVENTEEN THOUSAND & 00/100--
---------------------------------  dollars *(c)* ($  -----------17,000.00------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ------------------TWO AND THREE-QUARTERS----------------- percent *(e)*  -2.375-     %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  ----------------------SEVEN-------------------------
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,653.00 | 07/01/2016 | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |
| $ -----NA---- | -----NA---- | $ -----NA---- | -----NA---- |

and *(d)* $  1,653.00       thereafter on the *(e)*  -----7/1-----      of each *(f)*  ---YEAR---     until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   ----SEVEN----          years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  *AKT*  Date  7/1/15

FSA-2026 (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  _HKT_  Date _7/1/15_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

ADAM KEITH TUCKER-    BORROWER
99 N. 2500 E.
TETON ID 83451

ADAM KEITH TUCKER FARMS LLC – BORROWER
99 N. 2500 E.
Teton, ID 83451

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seg.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

# EXHIBIT T

Microfilm No. **554025**
__9__ Day __July__ 20 __15__
At __2:19__ O'Clock __P__ M
**ABBIE MACE**
**FREMONT CO RECORDER**
Fee $55__ __OZ__ Deputy
Recorded at Request of
__USB · farm Service Agency__

**FSA-2029 ID**
(02-21-13)

*Position 5*

Form Approved – OMB No. 0560-0237

*(See Page 7 for Privacy Act and Paperwork Reduction Act Statements)*

UNITED STATES DEPARTMENT OF AGRICULTURE

Farm Service Agency

## MORTGAGE FOR IDAHO

THIS MORTGAGE ("instrument") is made on __July 1__ , 20 __15__ . The mortgagor is __Adam Keith__
__Tucker Farms LLC__

("Borrower") whose mailing address is __99 N. 2500 E., Teton, ID__
__83451__ . This instrument is given to the United States of America, acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at __302 Profit Street,__
__Rexburg, ID 83440__

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| July 1, 2015 | $78,980 | 3.375% | July 1, 2016 |
| July 1, 2015 | $17,000 | 3.375% | July 1, 2022 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Idaho, County or Counties of __Fremont__

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and

Initial __AKT__ date __7-1-15__

FSA-2029 ID (02-21-13) Page 1 of 7

554025

income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the rights, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial **AKT** date **7-1-15**

FSA-2029 ID (02-21-13) Page 2 of 7

**554025**

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any Federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

Initial _AKT_ date _7-1-15_

554025

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetency; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of lease and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to r eceive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all of any part of the property, the Government may pay its share of the purpose price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial *AKT* date 7-1-15

FSA-2029 ID (02-21-13) Page 4 of 7

554025

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Adam Tucker_ (SEAL)   _Adam Tucker_ (SEAL)
Adam Keith Tucker Farms LLC   Adam Keith Tucker

_____ (SEAL)   _____ (SEAL)

## ACKNOWLEDGMENTS

STATE OF IDAHO

COUNTY OF _Madison_ } ss.   (Individual)

On this _1st_ day of _July_____ , before me personally appeared   Adam Keith Tucker_____

_____ , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

3/17/16

_signature_

NOTARY PUBLIC

_Notes:  Page 6 of 7 applies to entites and will not be recorded for individuals._
_Page 7 of 7 contains the privacy act paperwork reduction act, and USDA nondiscrimination statements and will not be recorded._

Initial _AKT_ date _2-1-15_

FSA-2029 ID (02-21-13) Page 5 of 7

EXHIBIT "A"                          554025

**PARCEL 1:**
COMMENCING AT A POINT 90 RODS EAST OF THE SW CORNER OF THE NW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO AND
RUNNING THENCE EAST 70 RODS; THENCE NORTH 159 RODS; THENCE WEST 70
RODS; THENCE SOUTH 159 RODS TO THE POINT OF BEGINNING.

**PARCEL 2:**
AN EASEMENT FOR INGRESS AND EGRESS 1 ROD WIDE, MORE PARTICULARLY
DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT 89 RODS WEST OF THE SE CORNER OF THE SW¼ OF
SECTION 23, TOWNSHIP 7 NORTH, RANGE 41 E.B.M., FREMONT COUNTY, IDAHO;
THENCE NORTH 159 RODS, MORE OR LESS, TO A LINE PARALLEL TO AND 1 ROD
SOUTH OF THE SOUTH LINE OF THE NW¼ OF SAID SECTION 23; THENCE EAST 20
RODS; THENCE NORTH 1 ROD TO THE SOUTH LINE OF THE NW¼ OF SAID SECTION
23; THENCE WEST ALONG THE SOUTH LINE OF SAID NW¼ OF SECTION 23, 21 RODS;
THENCE SOUTH 160 RODS, MORE OR LESS, TO THE SOUTH LINE OF THE SW¼ OF
SAID SECTION 23; THENCE EAST 1 ROD TO THE POINT OF BEGINNING.

*AKT*
Initial

*7-1-15*
Date

# EXHIBIT U

554021

Microfilm No.
Day ___ June 20, 15
At 1 : 41 O'Clock P M
ABBIE MACE
FREMONT CO RECORDER
Fee $ 12 : Deputy
Recorded at Request of
USB - Furm Service.
Agency

FSA-2500-1 ID
09-01-2008

## UNITED STATES DEPARTMENT OF AGRICULTURE

### FARM SERVICE AGENCY

### AGREEMENT FOR EXTENSION OF REAL ESTATE MORTGAGE

This agreement entered into this 1st      day of           July, 2015   between

Adam Keith Tucker Farms LLC                                    , hereinafter called "Borrower,"

of  99 N 2500 E, Teton, ID 83451        , County of Fremont     , Idaho, and the UNITED

STATES OF AMERICA, acting through the United States Department of Agriculture, Farm Service

Agency, with a State Office in Boise, Ada County, Idaho hereinafter called the "Government";

WHEREAS, on May 8, 2014,            Borrower executed a Real Estate Mortgage covering

land in  Fremont            County, Idaho, described as follows:
   See original mortgage.

which mortgage was recorded on 5/13/2014 , as instrument No. 548697     on the mortgage records of

Fremont            County, Idaho, securing the promissory note(s) described therein evidencing

Government to the Borrower;

WHEREAS, on  July 1, 2015            , Borrower executed a Promissory Note  with the

Government, under the provisions of which the $ 62,092.33        balance of the indebtedness secured

by said mortgage was reamortized and extended so as to provide for annual installments over the period

ending  July 1, 2030          , the DUE DATE OF THE FINAL PAYMENT; and

Initial _AKT_ date _7-1-15_

054021

2

WHEREAS, it is the desire of the Borrower and of the Government that the renewed and extended status of the obligations secured by the aforesaid Real Estate Mortgage be reflected of record, thereby continuing and extending the lien of said mortgage;

NOW; THEREFORE, In consideration of the premises and other good and valuable considerations, it is agreed by the parties hereto that said Real Estate Mortgage executed by the Borrower in favor of the Government, recorded on   May 13, 2014          records of

Fremont               County, Idaho, is hereby supplemented and amended to reflect the renewed and extended status of the mortgage and the obligations secured thereby, as set forth in the Promissory Note described above, and it is agreed by the parties hereto that the said mortgage is continued and extended accordingly, with the DUE DATE OF THE FINAL PAYMENT BEING July 1, 2030

IN WITNESS WHEREOF, the parties hereto have executed this instrument on the day and year first above written.

_____
(Borrower)

_____
(Borrower)

UNITED STATES OF AMERICA

Benjamin J. Young
Farm Loan Manager
Farm Service Agency
U.S. Department of Agriculture

Initial  AKT  date  7-1-15

3

## CERTIFICATE OF ACKNOWLEDGMENT FOR INDIVIDUALS

STATE OF IDAHO            )
                          ) ss:
County of Madison         )

On this 1st      day of  July          in the year of  2015 ,
before me personally appeared Adam Keith Tucker/Adam Keith Tucker Farms, LLC

known or identified to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that they executed the same.

[Notary Seal]

_____
Notary Public of and for the State of Idaho

Residing at: Teton, Idaho

My Commission expires:   March 17, 2016

*************************************************************************
## ACKNOWLEDGEMENT

STATE OF IDAHO            )
                          ) ss:
County of Madison         )

On this 1st     day of  July, 2015              , before me, the subscriber, a Notary Public, in and for the above county and State, appeared  Benjamin J. Young          , known to me to be Farm Loan Manager   , United States Department of Agriculture, and the person who executed the foregoing instrument, and he acknowledged to me that he executed the same as the free act and deed of the United States of America, for the uses and purposes therein expressed.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Rexburg            , Idaho the day and year aforesaid.

[Notary Seal]

_____
Notary Public of and for the State of Idaho

Residing at: Teton, Idaho

My Commission expires:   March 17, 2016

Initial  AKT   date  7-1-15

# EXHIBIT V

554024

.licrofilm No.
Day, July 20, 15
At 2:15 O'Clock M
ABBIE MACE
FREMONT CO RECORDER
Fee $1\_\_ Deputy
Recorded at Request of
USA - Farm Services

FSA-2500-1 ID
09-01-2008

# UNITED STATES DEPARTMENT OF AGRICULTURE

## FARM SERVICE AGENCY

### AGREEMENT FOR EXTENSION OF REAL ESTATE MORTGAGE

This agreement entered into this 1st     day of        July, 2015   between

Adam Keith Tucker Farms LLC                                , hereinafter called "Borrower,"

of  99 N 2500 E, Teton, ID 83451          , County of  Fremont       , Idaho, and the UNITED

STATES OF AMERICA, acting through the United States Department of Agriculture, Farm Service

Agency, with a State Office in Boise, Ada County, Idaho hereinafter called the "Government";

WHEREAS, on May 17, 2012,          Borrower executed a Real Estate Mortgage covering

land in  Fremont          County, Idaho, described as follows:
See original mortgage.

which mortgage was recorded on 5/21/2012 , as instrument No. 538667      on the mortgage records of

Fremont              County, Idaho, securing the promissory note(s) described therein evidencing

Government to the Borrower;

WHEREAS, on  July 1, 2015          , Borrower executed a Promissory Note  with the

Government, under the provisions of which the $ 11,793.56       balance of the indebtedness secured

by said mortgage was reamortized and extended so as to provide for annual installments over the period

ending   July 1, 2030            , the DUE DATE OF THE FINAL PAYMENT; and

Initial  AKT    date  7-1-15

2                                                    **554024**

WHEREAS, it is the desire of the Borrower and of the Government that the renewed and
extended status of the obligations secured by the aforesaid Real Estate Mortgage be reflected of record,
thereby continuing and extending the lien of said mortgage;

NOW; THEREFORE, In consideration of the premises and other good and valuable
considerations, it is agreed by the parties hereto that said Real Estate Mortgage executed by the
Borrower in favor of the Government, recorded on   May 21, 2013           records of

Fremont                County, Idaho, is hereby supplemented and amended to reflect the renewed and
extended status of the mortgage and the obligations secured thereby, as set forth in the Promissory Note
described above, and it is agreed by the parties hereto that the said mortgage is continued and extended
accordingly, with the DUE DATE OF THE FINAL PAYMENT BEING July 1, 2030

IN WITNESS WHEREOF, the parties hereto have executed this instrument on the day and year
first above written.


_____
(Borrower)


_____
(Borrower)


UNITED STATES OF AMERICA


Benjamin J. Young
Farm Loan Manager
Farm Service Agency
U.S. Department of Agriculture


Initial _____ date 7-1-15

3

554024

## CERTIFICATE OF ACKNOWLEDGMENT FOR INDIVIDUALS

STATE OF IDAHO )
) ss:
County of Madison )

On this 1st    day of July    in the year of  2015 ,

before me personally appeared Adam Keith Tucker/Adam Keith Tucker Farms, LLC

known or identified to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that they executed the same.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: Teton, Idaho

My Commission expires:   March 17, 2016

*****************************************************************************

## ACKNOWLEDGEMENT

STATE OF IDAHO )
) ss:
County of Madison )

On this 1st    day of July, 2015    , before me, the subscriber, a Notary Public, in and for the above county and State, appeared  Benjamin J. Young    , known to me to be Farm Loan Manager   , United States Department of Agriculture, and the person who executed the foregoing instrument, and he acknowledged to me that he executed the same as the free act and deed of the United States of America, for the uses and purposes therein expressed.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Rexburg    , Idaho the day and year aforesaid.

[Notary Seal]

Notary Public of and for the State of Idaho

Residing at: Teton, Idaho

My Commission expires:   March 17, 2016

Initial AKT    date 7-1-15

# EXHIBIT W

FSA-2400-1 ID
09-01-2008

Microfilm No. 554023
Day ___ 20 15
At 2:08 O'Clock ___ M
ABBIE MACE
FREMONT CO RECORDER
Fee $ ___ Deputy
Recorded at Request of
Farm Service Agency

UNITED STATES DEPARTMENT OF AGRICULTURE

FARM SERVICE AGENCY

# AGREEMENT FOR EXTENSION OF REAL ESTATE MORTGAGE ASSUMED

This agreement entered into this 1st     day of     July, 2015   between

Adam Keith Tucker Farms, LLC
                                                        , hereinafter called "Borrower,"

of  Teton
                              , County of  Fremont        , Idaho, and the UNITED

STATES OF AMERICA, acting through the United States Department of Agriculture, Farm Service

Agency, with a State Office in Boise, Ada County, Idaho hereinafter called the "Government";

WHEREAS, on May 24, 2010       Adam Keith Tucker & DeeDee Marie Tucker

hereinafter called "Initial Mortgagor", executed a Real Estate Mortgage covering land in

Fremont                County, Idaho, described as follows:

See Attached Exhibit A.


which mortgage was recorded on 5/25/2010 , as instrument No. 528342      on the mortgage records of

Fremont                County, Idaho, securing the promissory note(s) described therein, evidencing

loan(s) made or insured by the Government to the Initial Mortgagor;

WHEREAS, The said Initial Mortgagor has conveyed the above real estate to the Borrower as

appears of record in consideration of Borrower assuming the obligations of said mortgage and the   note

(s) secured thereby; and

WHEREAS, on  May 17, 2012        , Borrower entered into an Assumption Agreement with the

Government, under the provisions of which the $ 286,135.31        balance of the indebtedness secured

Initial  AKT   date  7-1-15

2

554003

by said mortgage was reamortized and extended so as to provide for annual installments over the period ending   June 26, 2049               , the DUE DATE OF THE FINAL PAYMENT; and

WHEREAS, it is the desire of the Borrower and of the Government that the renewed and extended status of the obligations secured by the aforesaid Real Estate Mortgage be reflected of record, thereby continuing and extending the lien of said mortgage;

NOW; THEREFORE, In consideration of the premises and other good and valuable considerations, it is agreed by the parties hereto that said Real Estate Mortgage executed by the Initial Mortgagor and assumed by the Borrower in favor of the Government, recorded on   May 25, 2010 records of   Fremont                County, Idaho, is hereby supplemented so as to reflect the renewed and extended status of the mortgage and the obligations secured thereby, as set forth in said Assumption Agreement described above, and it is agreed by the parties hereto that the said mortgage is continued and extended accordingly, with the DUE DATE OF THE FINAL PAYMENT BEING   July 1, 2049

IN WITNESS WHEREOF, the parties hereto have executed this instrument on the day and year first above written.

_____
(Borrower)

_____
(Borrower)

UNITED STATES OF AMERICA

Benjamin J. Young
Farm Loan Manager
Farm Service Agency
U.S. Department of Agriculture

Initial  AKT  date  2-1-15

3

# CERTIFICATE OF ACKNOWLEDGMENT FOR INDIVIDUALS

STATE OF IDAHO )
) ss:
County of Madison )

On this 1st    day of July        in the year of  2015 ,

before me personally appeared Adam Keith Tucker/Adam Keith Tucker Farms, LLC

known or identified to me to be the person(s)
whose name(s) are subscribed to the within instrument, and acknowledged to me
that they executed the same.

[Notary Seal]

NOTARY
PUBLIC
STATE OF IDAHO

_____
Notary Public of and for the State of Idaho

Residing at:  Teton, Idaho

My Commission expires:   March 17, 2016

*************************************************************************
ACKNOWLEDGEMENT

STATE OF IDAHO )
) ss:
County of Madison )

On this 1st    day of July, 2015        , before me, the subscriber, a Notary
Public, in and for the above county and State, appeared  Benjamin J. Young
known to me to be  Farm Loan Manager  , United States Department of Agriculture,
and the person who executed the foregoing instrument, and he acknowledged to
me that he executed the same as the free act and deed of the United States of
America, for the uses and purposes therein expressed.

[Notary Seal]
Rexburg
NOTARY
PUBLIC
STATE OF IDAHO

IN WITNESS WHEREOF, I have hereunto set my hand and seal at
, Idaho the day and year aforesaid.

_____
Notary Public of and for the State of Idaho

Residing at:  Teton, Idaho

My Commission expires:   March 17, 2016

Initial  AK    date  7-1-15

# EXHIBIT X

This form is available electronically.

Form Approved - OMB No. 0560-0238
(See Page 7 for Privacy Act and Public Burden Statements).

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** dated *(a)* ____ **May 24, 2010** ____ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)* ____

**ADAM KEITH TUCKER, DEEDEE MARIE TUCKER** ____

(Debtor), whose mailing address is (c) ____
**6766 W 3200 S, REXBURG, ID 83440-3905** ____

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Intia ⏐ AKT Date 24 10

**FSA-2028** (12-31-07)                                                                                                    Page 2 of 7

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are
planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)*
within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security
Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted,
to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
| 2737 | 70 | FREMONT, ID | |
| rented from various owners | 449 | FREMONT, ID | |
| | | | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all
payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas
existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds
derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _DT AKT_ Date _5/24/10_

**FSA-2028** (12-31-07)                                                                                                    Page 3 of 7

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* ___Idaho___ :

| (2)<br>Line<br>No. | (3)<br>Quantity | (4)<br>Kind | (5)<br>Manufacturer | (6)<br>Size and Type | (7)<br>Condition | (8)<br>Year | (9)<br>Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Pickup | Dodge | 2500 | Very Good | 1998 | |
| 2 | 1 | Enclosed Trailer | Charmac | 27' | Very Good | 2003 | |
| 3 | 1 | Horse Trailer | Trails West | 4 horse | Very Good | 1998 | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

The following described water rights including all replacements of or substitutions:
70 acres/shares in Enterprise Irrigation District
122.5 acre feet of storage water in Fremont-Madison Irrigation District

The following described irrigation equipment now affixed or to be affixed to real estate described in Exhibit "A", including all replacements of or substitutions:

(4) ¼ mile wheel lines
(1) aluminum handline – 800' (20 joints) 4" diameter
(1) 30 hp U.S. electric motor model R-1863-01-269 no sn# found
(1) Peerless centrifugal pump model PE3X4X8 sn#70SF1550
Approximately 1,100 feet of buried PVC mainline, size 6" diameter

Initial ⁊ AKT Date 5/24/10

**FSA-2028** (12-31-07)

Page 4 of 7

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* ___Idaho___ :

| (2)<br>Line<br>No. | (3)<br>Quantity | (4)<br>Kind or Sex | (5)<br>Breed | (6)<br>Color | (7)<br>Weight | (8)<br>Age | (9)<br>Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |

Initial A&T /07  Date 5/24/10

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial  $\underline{AKT}$   $\underline{/\overline{\jmath}}$  Date  $\underline{5/24/10}$

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial  *AKT /DX*  Date *5/24/10*

**FSA-2028** (12-31-07)

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____   _____5/24/10_____   6B. _____   ___5/24/10___
    **ADAM KEITH TUCKER**              *(Date)*            **DEEDEE MARIE TUCKER**              *(Date)*

Space provided for additional signatures:

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a). the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

# EXHIBIT Y

This form is available electronically.

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Paperwork Reduction Act Statements).*

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (11-12-14) | Farm Service Agency | |

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** *dated (a)* __July 1__ , __2015__ , is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) **ADAM KEITH TUCKER FARMS LLC,**

(Debtor), whose mailing address is (c) 99 N 2500 E, TETON, ID 83451-5001

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _AKT_ Date _7-1-15_

**FSA-2028** (11-12-14)

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and<br>Direction from Named Town or<br>Other Description |
|---|---|---|---|
| 2737 | 70 | FREMONT, ID | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _____ Date _7 - 1 - 15_

FSA-2028 (11-12-14)                                                                          Page 3 of 7

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* Idaho

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | Massey Ferguson | Model 50 | Good | 1950 | SGM523901 |
| 2 | 1 | Potato Planter | Double L | Model 544 6-Row w/ Radar | Good | | 54028 |
| 3 | 1 | Cultivator | Buffalo | Model 64000630 6-Row | Good | | 936401968 |
| 4 | 1 | Spud Roller | | 6-Row | Good | | none |
| 5 | 1 | Vine Splitter | | 6-Row | Good | | none |
| 6 | 1 | Seed Cart | Rockford | hauls grain seed | Good | | none |
| 7 | 1 | Harrow | Unverferth | 23' Model 1225 | Good | | 330179 |
| 8 | 1 | 9' Box Scraper | Buhler | 3 point | | | |
| 9 | 1 | Cultivator | Triple K. Time | | | | |
| 10 | 1 | 4 Row Cross over | Double L | 851 | | | |
| 11 | 1 | Row Digger | Double L | 850 | | | |
| 12 | 1 | 9 Shank V-Ripper | Miskin | S209 | | | 19785 |
| 13 | 1 | 20 FT Shredder | MC | 240858 | | | 53376 |
| 14 | 1 | 8" Auger | Westfield | W 80 | | | 12023 |
| 15 | 1 | Seed Piler | Davis | | | | |
| 16 | 1 | Harrow | Melroe | 18' 3 section | | | |
| 17 | 1 | Disc | JD | 670 | | | P00670X001261 |
| 18 | 1 | Ring Roller | | 18' | | | |
| 19 | 1 | Tire Roller | | 4 Row | | | |
| 20 | 1 | Packer | | 12 ft | | | |
| 21 | 1 | Drill Press Wheel | Case | 12' | | | 0104632 |
| 22 | 1 | Vine Beater | JD | 6 Row | | | P00118x002013 |
| 23 | 1 | Pipe Trailer | JD | | | | |
| 24 | 2 | Chevy Spud Trucks | Chevy | | | 1974 | |
| 25 | 1 | Self unlading logan beds | GMC | 16' | | 1986 | |
| 26 | 1 | Tractor | JD | 4555 | | | |
| 27 | 2 | Pickup | Dodge | 2500 | Very Good | 1998 | |
| 28 | 1 | Pickup | Dodge | 3500 | Very Good | 2006 | |
| 29 | 1 | Enclosed Trailer | Charmac | 27' | Very Good | 2003 | |
| 30 | 1 | Horse Trailer | Trails West | 4 horse | Very Good | 1998 | |
| 31 | 1 | Manufactured Home | Fleetwood | Single Wide | Good | 2008 | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _AKT_ Date _7-1-15_

**FSA-2028** (11-12-14)                                                                                        Page 4 of 7

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*

___Idaho_____:_____

| (2) Line No. | (3) Quantity | (4) Kind-Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

Initial  AKT  Date  7 - 1 - 15

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

All crops, livestock, farm products (per UCC-1F) and all farm equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, contract rights, payment intangibles, general intangibles, investment property, gross receipts, equities, crop insurance indemnity payments, all entitlements, benefits, payments from all State and Federal farm programs, grazing shares, all beet stock, and all proceeds of the aforesaid property.

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial __AKT__ Date __7-1-15__

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial  HKT  Date  7-1-15

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

(m) Debtor(s) acknowledge(s) that Secured Party loaned money to me/us to purchase items of collateral that serve as security for my/our loan, thereby, giving Secured Party a Purchase Money Security Interest in those items of collateral listed in Part 2. (c) or (d) with an asterisk*.

5.  **CERTIFICATION**

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _Adam Tucker_                                          6B. *(Date)* _7-1-15_

ADAM KEITH TUCKER FARMS LLC

                                                                                         *(Date)* _____

Debtor

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).*

*If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.*

# EXHIBIT Z

# UCC FINANCING STATEMENT

**ELECTRONIC FILING**

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: |
|---|
| LINDA JONES \| 2083565701, ext 100 \| linda.jones@id.usda.gov \| 2083567240 |

| B. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| MADISON COUNTY FARM SERVICE AGENCY |
| 302 PROFIT STREET |
| REXBURG, ID 83440 |

**IDAHO SECRETARY OF STATE**
03/30/2010 10:31
$3.00
Filing Number:
B 2010-1076637-4

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

1a. ORGANIZATION'S NAME:

OR

| 1b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| TUCKER | ADAM | KEITH | |

| 1c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY |
|---|---|---|---|---|
| 6766 W 3200 S | REXBURG | ID | 83440 | USA |

| 1 TAX ID #: SSN OR TIN | ADDL INFO RE ORGANIZATION DEBTOR: | 1e. TYPE OF ORG. | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

2a. ORGANIZATION'S NAME:

OR

| 2b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| TUCKER | DEEDEE | MARIE | |

| 2c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY |
|---|---|---|---|---|
| 6766 W 3200 S | REXBURG | ID | 83440 | USA |

| 2 TAX ID #: SSN OR TIN | ADDL INFO RE ORGANIZATION DEBTOR: | 2e. TYPE OF ORG: | 2f. JURISDICTION OF ORG: | 2g. ORGANIZATIONAL ID #: (if any) |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME: (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)**

3a. ORGANIZATION'S NAME:

UNITED STATES OF AMERICA ACTING THROUGH FARM SEVICE AGENCY

OR

| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|

| 3c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY |
|---|---|---|---|---|
| 302 PROFIT STREET | REXBURG | ID | 83440 | USA |

**4. This FINANCING STATETMENT covers the following collateral:**

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL STATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, AND ALL BEET STOCK, AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

ALL IRRIGATION EQUIPMENT OF EVERY KIND AND CHARACTER. INCLUDING TO BUT NOT LIMITED TO PUMPS, MOTORS, AND MAINLINE. ALL HANDLINES, WHEELLINES, AND PIVOTS, TOGETHER WITH ALL SUBSTITUTIONS, REPLACEMENTS AND ANY IRRIGATION EQUIPMENT ACQUIRED HEREAFTER.

**5. ALTERNATIVE DESIGNATION (if applicable):**
[ ] LESSEE/LESSOR   [ ] CONSIGNEE/CONSIGNOR   [ ] BAILEE/BAILOR   [ ] SELLER/BUYER

| 6. [ ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) [ ] All Debtors [ ] Debtor 1 [ ] Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA:**

*Electronically generated from original XML Document

# UCC FINANCING STATEMENT AMENDMENT

**ELECTRONIC FILING\***

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: LINDA JONES | 2083565701, ext 100 | linda.jones@id.usda.gov | 2083567240 | IDAHO SECRETARY OF STATE 05/10/2011 00:00 $3.00 Filing Number: B 6566380 |
|---|---|
| **B. SEND ACKNOWLEDGMENT TO:** (Name and Address) MADISON COUNTY FARM SERVICE AGENCY 302 PROFIT STREET REXBURG, ID 83440 | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

| 1a. INITIAL FINANCING STATEMENT FILE # B 201010766374 | 1b. [ ] [ ] | This FINANCING STATEMENT AMENDMENT is to be fil (for record) (or recorded) in the REAL ESTATE RECORD. |
|---|---|---|

**2.** [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** [ ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5.** **AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
[ ] DELETE name: Give record name to be deleted in item 6a or 6b.
[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d - 7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| OR | 6a. ORGANIZATION'S NAME: | | | |
|---|---|---|---|---|
| | 6b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral [ X ] deleted or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES C TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL STATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, AND ALL BEET STOCK, AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor wh adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME: UNITED STATES OF AMERICA ACTING THROUGH FARM SEVICE AGENCY | | | |
|---|---|---|---|---|
| | 9b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |

**10. OPTIONAL FILER REFERENCE DATA:**

**13. Use this space for additional information.**
RELEASE

\*Electronically generated from original XML Document

# UCC FINANCING STATEMENT AMENDMENT

**ELECTRONIC FILING***

| | |
|---|---|
| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER:<br>NIKKI ROBERTS \| 2083565701, ext<br>100 \| nichole.roberts@id.usda.gov \| 2083567240 | **IDAHO SECRETARY OF STATE**<br>**05/16/2012 10:44**<br>$3.00<br>Filing Number:<br>**B 6583793** |
| B. SEND ACKNOWLEDGMENT TO: (Name and Address)<br>MADISON COUNTY FSA<br>302 PROFIT ST<br>REXBURG, ID 83440 | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #<br>B 201010766374 | 1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

**2.** [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** [ ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     [ ] DELETE name: Give record name to be deleted in item 6a or 6b.     [ ] ADD name: Complete item 7a or 7b, and also complete items 7d - 7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

6a. ORGANIZATION'S NAME:

OR

| 6b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| | | | |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral [ ] deleted or [X] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL STATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, ALL BEET STOCK, AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME:

OR      UNITED STATES OF AMERICA ACTING THROUGH FARM SEVICE AGENCY

| 9b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA:**

**13. Use this space for additional information.**
ADDITION OF COLLATERAL

*Electronically generated from original XML Document

# UCC FINANCING STATEMENT AMENDMENT
ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: | |
|---|---|
| NIKKI ROBERTS \| 2083565701, ext 100 \| nichole.roberts@id.usda.gov \| 2083567240 | IDAHO SECRETARY OF STATE<br>05/16/2012 10:50<br>$3.00<br>Filing Number:<br>B 6583794 |

| B. SEND ACKNOWLEDGMENT TO: (Name and Address) | |
|---|---|
| MADISON COUNTY FSA<br>302 PROFIT ST<br>REXBURG,   ID   83440 | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #<br>B 201010766374 | 1b. [ ] This FINANCING STATEMENT AMENDMENT is to be<br>[ ] filed (for record) (or recorded) in the REAL ESTATE<br>RECORDS. |
|---|---|

**2.** [  ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** [  ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** [  ] **ASSIGNMENT** (full or partial). Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5.** **AMENDMENT (PARTY INFORMATION):** This Amendment affects [X] Debtor or [  ] Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[  ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    [  ] DELETE name: Give record name to be deleted in item 6a or 6b.    [X] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d - 7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME: | | | |
|---|---|---|---|
| OR | | | |
| 6b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME:<br>ADAM KEITH TUCKER FARMS LLC | | | |
|---|---|---|---|
| OR 7b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| | | | |

| 7c. MAILING ADDRESS:<br>99 N 2500 E | CITY:<br>TETON | STATE:<br>ID | POSTAL CODE:<br>83451 | COUNTRY: |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR TIN | ADD'L INFO RE<br>ORGANIZATION<br>DEBTOR: | 7e. TYPE OF ORG:<br>LIMITED<br>LIABILITY<br>COMPANY | 7f. JURISDICTION OF ORG:<br>ID | 7g. ORGANIZATIONAL ID #: (if any)<br>W100629 |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral [  ] deleted or [  ] added, or give entire [  ] restated collateral description, or describe collateral [  ] assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [  ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME:<br>UNITED STATES OF AMERICA ACTING THROUGH FARM SEVICE AGENCY | | | |
|---|---|---|---|
| OR 9b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| | | | |

**10. OPTIONAL FILER REFERENCE DATA:**

**13.** Use this space for additional information.
ADDITION OF DEBTOR

*Electronically generated from original XML Document

Page 1 of 1

*Adam Tucker*

## UCC FINANCING STATEMENT AMENDMENT

NAME & PHONE OF CONTACT AT FILER (optional)
Bingham County FSA 208-785-2090

E-MAIL CONTACT AT FILER (optional)
nichole.roberts@id.usda.gov

SEND ACKNOWLEDGEMENT TO: (Name and Address)
Bingham County FSA
725 Jensen Grove Dr. Ste. #2
Blackfoot ID 83221 USA

IDAHO SECRETARY OF STATE
10/07/2014 11:10:12
$3.00
Filing Number:
B 6629416

1a. INITIAL FINANCING STATEMENT FILE NUMBER
B 2010-1076637-4

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment
Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement.

3. ☐ ASSIGNMENT: (full or partial) Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9. For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:          AND  Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record

☐ CHANGE name and/or address:
Complete item 6a or 6b; and item 7a or
7b and item 7c

☐ ADD name: Complete
item 7a or 7b, and item
7c

☐ DELETE name: Give record
name to be deleted in item 6a
or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | |
|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | |
| FIRST PERSONAL NAME | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral

9. Name of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment). If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR UNITED STATES OF AMERICA ACTING THROUGH FARM SEVICE AGENCY | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

18. MISCELLANEOUS FILING OFFICE INFORMATION:
Continuation - Future Expiration date: 03/30/2020

Electronically generated from original XML Document

10/7/2014

05/16/2012  10:29    208-356-7240          REXBURG USDA SRV CTR          PAGE  01/01

```
IDAHO SECRETARY OF STATE
05/16/2012  05:00
CK: NONE  CT: 38753  BH: 1324399
1 @ 10.00 =  10.00 UCC1F FILE # 2
Filing Number:
F 84151
```

## STATE OF IDAHO - FARM PRODUCTS FINANCING
### STATEMENT - FORM UCC-1F
See instructions, fee schedule and tables of codes on reverse.
To include additional information use form UCC-2F.

Customer Account Number
38753

Contact name and phone number for questions: [optional]
Nikki Roberts 208-356-5701 x 100

Send acknowledgement to: [name and address]

Madison County FSA
302 Profit St
Rexburg ID 83440

This block for Filing Office use only.

| Debtor 1 | Organization's Name | | | | | |
|---|---|---|---|---|---|---|
| | Adam Keith Tucker Farms LLC | | | | | |
| OR | Individual's Last Name | First Name | Middle Name | | | Suffix |
| Address | 99 N 2500 E | City Teton | State ID | Zip 83451 | SSN/TIN (last 4 digits only) 5687 | |
| Debtor 2 | Organization's Name | | | | | |
| OR | Individual's Last Name Tucker | First Name Adam | Middle Name Keith | | | Suffix |
| Address | 99 N 2500 E | City Teton | State ID | Zip 83451 | SSN/TIN (last 4 digits only) 8725 | |
| Debtor 3 | Organization's Name | | | | | |
| OR | Individual's Last Name Tucker | First Name DeeDee | Middle Name Marie | | | Suffix |
| Address | 99 N 2500 E | City Teton | State ID | Zip 83451 | SSN/TIN (last 4 digits only) 6078 | |
| Debtor 4 | Organization's Name | | | | | |
| OR | Individual's Last Name | First Name | Middle Name | | | Suffix |
| Address | | City | State | Zip | SSN/TIN (last 4 digits only) | |

### Secured Party Name and Address

| | Organization's Name | | | | |
|---|---|---|---|---|---|
| OR | United States of America acting through the Farm Service Agency | | | | |
| | Individual's Last Name | First Name | | Middle Name | |
| Address | 302 Profit St | City Rexburg | | State ID | Zip 83440 |

| Item No. | Product Code | Product Name (optional) | County Code(s) | Crop Year(s), if less than all | Amount, if necessary | Unit | Add. Info. |
|---|---|---|---|---|---|---|---|
| 1 | 010 | Wheat | 22, 33 | | | | |
| 2 | 020 | Barley | 22, 33 | | | | |
| 3 | 050 | Potatoes | 22, 33 | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |

Debtor Signature(s) [optional if signed agreement exists granting a lien on the crop(s)]

[1]

[2]

[3]

[4]

Signature of Secured Party
*Nichole Roberts*

TERMINATION STATEMENT-The Secured Party no longer claims a security interest under the financing statement.

Signature of Secured Party / Assignee of Record          Date

rev 10/2010

06/11/2013  12:52    208-356-7240          REXBURG USDA SRV CTR              PAGE 01/01

IDAHO SECRETARY OF STATE
06/11/2013  05:00
CK: NONE  CT: 38753  BH: 1377656
1 @ 10.00 =   10.00  UCC3F # 2
Filing Number:
F 49297

## STATE OF IDAHO - FARM PRODUCTS FINANCING
## STATEMENT AMENDMENT- FORM UCC-3F
See instructions, fee schedule and tables of codes on reverse.
To include additional information use form UCC-2F.

This back for Filing Office use only.

Customer Account Number
**38753**

Contact name and phone number for questions: [optional]
Nikki Roberts 208-356-5701 x 100

Send acknowledgement to: [name and address]

Madison County FSA
302 Profit St
Rexburg ID 83440

This statement refers to UCC-1F Farm Products Financing Statement number:
**F84151**

Filed on: (month/day/year)
**5/16/2012**

☐ CONTINUATION. The original financing statement bearing file number shown is still effective.

☐ TERMINATION. The secured party no longer claims a security interest under the financing statement bearing the number shown.

☐ ASSIGNMENT. The secured party's right under the financing statement bearing the file number shown has been assigned to the assignee shown on the form.

☑ AMENDMENT. The financing statement bearing the file number shown is amended as set forth below.

Debtor 1 Box - 1st Debtor from the original financing statement.

| Debtor 1 | Organization's Name | | | | | |
|---|---|---|---|---|---|---|
| | Adam Keith Tucker Farms LLC | | | | | |
| OR | Individual's Last Name | First Name | Middle Name | | | Suffix |
| Address | | | | | | |
| 99 N 2500 E | | City Teton | State ID | Zip 83451 | SSN/TIN last 4 digits (SSN) 5587 | |

☐ Additional debtor   or   ☐ Amended debtor information   or   ☐ Current debtor information

| Debtor | Organization's Name | | | | | |
|---|---|---|---|---|---|---|
| OR | Individual's Last Name | First Name | Middle Name | | | Suffix |
| Address | | City | State | Zip | SSN/TIN (last 4 digits only) | |

### Secured Party or Assignee of Record Name and Address

| | Organization's Name | | | | |
|---|---|---|---|---|---|
| OR | United States of America acting through the Farm Service Agency | | | | |
| | Individual's Last Name | First Name | Middle Name | | |
| Address | | City | State | Zip | |
| 302 Profit St | | Rexburg | ID | 83440 | |

☑ New/Additional Secured Party   OR   ☐ Amended Secured Party   OR   ☐ Assignee

| | Organization's Name | | | | |
|---|---|---|---|---|---|
| OR | Individual's Last Name | First Name | Middle Name | | |
| Address | | City | State | Zip | |

Enter additions or deletions from the farm products covered by the financing statement.

| Item No. | Add (A) / Delete (D) | Product Code | Product Name (optional) | County Code(s) | Crop Year(s), if less than all | Amount, if necessary | Unit | Add. Info |
|---|---|---|---|---|---|---|---|---|
| 1 | A | 030 | Hay | 22, 33 | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |

Additional Information

Debtor Signature(s) [optional if signed agreement exists granting a lien on the crop(s)]
1
2

Signature of Secured Party
*Nichole Roberts*

Rev 05/2010

11/17/16  10:29:58  18557891391            ->        ID - SOS USDA                Page 002

## STATE OF IDAHO - FORM UCC-3F
## FARM PRODUCTS FINANCING STATEMENT AMENDMENT

See instructions, fee schedule and tables of codes on the instruction page.
To include additional information use form UCC-3Fa.

IDAHO SECRETARY OF STATE
**11/17/2016 05:00**
CK:PREPAID CT:38753 BH:1555698
1@ 10.00 = 10.00 UCC3F #2
Filing Number:
**F 53846**

Customer SOS Account Number
**38753**

CONTACT INFORMATION (name and phone number)
Tina Daniels 208 356 5701 x 100
SEND ACKNOWLEDGEMENT TO: (name and address OR name and email address)

Madison County FSA
302 PROFIT ST.
REXBURG, ID 83440

Original UCC1F File Number
**F84151**

[X] CONTINUATION. The original financing statement bearing file number shown is still effective.

[ ] TERMINATION. The secured party no longer claims a security interest under the financing statement bearing the file number shown.

Original filing date: (required)
**05/16/2012**

[ ] ASSIGNMENT. The secured party's right under the financing statement bearing the file number shown has been assigned to the assignee shown on the form.

[ ] AMENDMENT. The financing statement bearing the file number shown is amended as set forth below.

### Secured Party or Assignee of Record authorizing this amendment:

Organization's Name
OR United States of America acting through the Farm Service Agency

| Individual's Last Name | First Name | Middle Name |
|---|---|---|

### DEBTOR:   [ ] ADD   [ ] AMEND   [ ] DELETE   [X] CURRENT (see instructions)

Organization's Name
OR Adam Keith Tucker Farms LLC

| Individual's Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|
| Address | City | State ID   Zip | SSN/TIN (last 4 digits only) |

### DEBTOR:   [ ] ADD   [ ] AMEND   [ ] DELETE   [ ] CURRENT (see instructions)

Organization's Name
OR

| Individual's Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|
| Address | City | State ID   Zip | SSN/TIN (last 4 digits only) |

### SECURED PARTY:   [ ] ADD   [ ] AMEND   [ ] DELETE   [ ] ASSIGNEE

Organization's Name
OR

| Individual's Last Name | First Name | Middle Name |
|---|---|---|
| Address | City | State ID   Zip |

### FARM PRODUCTS: Enter additions or deletions from the farm products covered by the financing statement.

| Item No. | Add (A) / Delete (D) | Product Code | Product Name (optional) | County Code(s) | Crop Year(s), if less than all | Amount, if necessary | Unit | Add. Info |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

Debtor Signature(s) (optional if signed agreement exists granting a lien on the farm product(s))   |   Signature of Secured Party

1.

2.

Rev. 03/2016

# EXHIBIT AA

# IDAHO

## CERTIFICATE OF TITLE

VEHICLE IDENTIFICATION NUMBER
IDFL804A28469SW13

| YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|
| 2008 | FTWD | H9 | TL MFRD HM |

ODOMETER READING
EXEMPT

2ND VEHICLE IDENTIFICATION NUMBER

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH | WIDTH | HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|---|---|
| A086020181 | 05/21/2013 | | 52 | 15 | | | |

OWNER'S NAME AND ADDRESS

TUCKER, ADAM KEITH   OR
TUCKER, DEEDEE MARIE
99 N 2500 E
TETON, ID 83451

SANDALWOOD

## Assignment of Title

ODOMETER READING

☐ In Excess of Mechanical Limits   ☐ Exempt
☐ Not Actual - Warning: Odometer Discrepancy   ☐ No Device

DATE SOLD:   SELLING PRICE (see warning above)

SELLER'S OR REPRESENTATIVE'S PRINTED NAME(S)

SELLER'S OR REPRESENTATIVE'S SIGNATURE:
A X
B X

1st PURCHASER'S PRINTED, FULL LEGAL NAME

2nd PURCHASER'S PRINTED, FULL LEGAL NAME

MAILING AND PHYSICAL ADDRESS (IF DIFFERENT)

STATE   ZIP

1st PURCHASER'S SIGNATURE
A X
2nd PURCHASER'S SIGNATURE
B X

### Lienholder Section

FIRST LIEN

SECOND LIEN

SIGNATURE RELEASING LIEN   DATE
10 X

SIGNATURE RELEASING LIEN   DATE
11 X

NEW LIENHOLDER'S NAME
12

ADDRESS

CITY   STATE   ZIP
13

11468594

REV. 1-10

---

## NOTICE OF RELEASE OF LIABILITY

$3.50 Fee*                                                    $3.50 Fee*

**PLEASE PRINT CLEARLY — ALL INFORMATION MUST BE COMPLETE — NOTIFICATION BY SELLER/TRANSFEROR IS MANDATORY**

| Vehicle or Hull Identification Number (VIN or HIN) | Year | Make | Body Style | Title Number |
|---|---|---|---|---|
| IDFL804A28469SW13 | 2008 | FTWD | HS | A086020181 |

Seller's/Transferor's Full Legal Name(s): _____ Daytime Phone: _____

Seller's Idaho Drivers License Number(s) or Social Security Number(s): _____

Address: _____ City: _____ State: _____ Zip: _____

Odometer: _____ Selling Price: $_____ Date Delivered to Purchaser/Transferee: _____

Purchaser's/Transferee's Full Legal Name(s) & Idaho Driver's License Number(s): _____

Address: _____ City: _____ State: _____ Zip: _____ Daytime Phone: _____

I/we hereby request that the Idaho Transportation Department mark its records to indicate that the vehicle or vessel described above has been transferred. However, I/we understand that the title record will remain in my/our name(s) until a new Idaho Certificate of Title is applied for and issued, recording the name(s) of the new owner(s).

X _____

*Signature of Seller(s)/Transferor(s)*

**— SEE REVERSE SIDE FOR MAILING/PAYMENT INSTRUCTIONS —**

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit http://www.itd.idaho.gov/dmv/ to verify the current fee.

# CERTIFICATE OF TITLE

| YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|
| 1974 | CHEV | CB | | |

ODOMETER READING
EXEMPT

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH WIDTH HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|
| D598307 | 06/17/2016 | | | | |

OWNER'S NAME AND ADDRESS

OTHER PERTINENT DATA

ADAM KEITH TUCKER FARMS LLC
6766 W 3200 S
REXBURG, ID 83440-3905

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

☐ No Device

Date Sold    Selling Price (See warning above)

Seller's or Representative's Printed Name(s)

I certify, to the best of my knowledge, that the odometer reading reflects the mileage unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I must file a release of liability statement within five days of delivering the vehicle to the purchaser.

Seller's or Representative's Signature

A X
B X

1st Purchaser's Full Printed Legal Name

2nd Purchaser's Full Printed Legal Name

Mailing Address and Physical Address (if different)

City                State    Zip

1st Purchaser's Signature (or Representative's Signature)
A X

2nd Purchaser's Signature (or Representative's Signature)
B X

## Lienholder Section

First Lien

USA ACTING THROUGH THE
FARM SERVICE AGENCY

Signature Releasing Lien
B X

Second Lien

Signature Releasing Lien
X

New Lienholder's Name

Address

City                State    Zip

(Rev. 06-13)   **$3.50 Fee***   **Release of Liability Statement**   **$3.50 Fee***

Please Print Clearly – All Information Must Be Complete – Notification by Seller/Transferor is Mandatory for Motor Vehicles

| Vehicle or Hull Identification Number (VIN/HIN) | | | Year | Make | Body | Title Number |
|---|---|---|---|---|---|---|
| CCE614V154437 | | | 1974 | CHEV | CB | D598307 |

| Seller's Full Legal Name | Purchaser's Full Legal Name |
|---|---|
| | |

| Idaho Driver's License Number or SSN; EIN if Business | Idaho Drivers License Number or SSN; EIN if Business |
|---|---|
| | |

| Physical Address | City | State Zip | Physical Address | City | State Zip |
|---|---|---|---|---|---|
| | | | | | |

| Odometer Reading | Selling Price $ | Date Vehicle Delivered to Purchaser(s) | - See reverse side for mailing and payment instructions - |
|---|---|---|---|

I hereby request that the Idaho Transportation Department mark its records to show the vehicle described above has been transferred. I understand that the title record will remain in my name until a new Idaho Certificate of Title is applied for and issued in the name(s) of the new owner(s).

Seller's/Transferor's Signature X

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit dmv.idaho.gov to verify the current fee.

# CERTIFICATE OF TITLE

VOID (watermark repeated throughout)

| YEAR | MAKE | BODY |
|---|---|---|
| 1974 | CHEV | CB |

ODOMETER READING: EXEMPT

| TITLE NUMBER | PRINT DATE |
|---|---|
| D706220 | 06/17/2016 |

OWNER'S NAME AND ADDRESS

ADAM KEITH TUCKER FARMS LLC
6766 W 3200 S
REXBURG, ID 83440-3905

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

☐ Exempt
☐ Not Actual Warning: Odometer Discrepancy   ☐ No Device

Selling Price (See warning above)

Seller's or Representative's Printed Name(s)

I certify, to the best of my knowledge, that the odometer reading reflects the actual mileage unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I must file a release of liability statement within five days of delivering the vehicle to the purchaser.

Seller's or Representative's Signature
A X
B X

First Lien

USA ACTING THROUGH THE
FARM ...

Signature Releasing Lien ___ Date
B X

13196499

1st Purchaser's Full Printed Legal Name

2nd Purchaser's Full Printed Legal Name

Mailing Address and Physical Address (if different)

City ___ State ___ Zip

1st Purchaser's Signature (or Representative's Signature)
A X

2nd Purchaser's Signature (or Representative's Signature)
B X

## Lienholder Section

Second Lien

Signature Releasing Lien
X

New Lienholder's Name

Address

City ___ State ___ Zip

---

(Rev. 06-13)   **$3.50 Fee***                **Release of Liability Statement**                **$3.50 Fee***

**Please Print Clearly – All Information Must Be Complete – Notification by Seller/Transferor is Mandatory for Motor Vehicles**

| Vehicle or Hull Identification Number (VIN/HIN) | | | Year | Make | Body | Title Number |
|---|---|---|---|---|---|---|
| CCE614V128500 | | | 1974 | CHEV | CB | D706220 |

| Seller's Full Legal Name | Purchaser's Full Legal Name |
|---|---|
| | |

| Idaho Driver's License Number or SSN; EIN if Business | Idaho Drivers License Number or SSN; EIN if Business |
|---|---|
| | |

| Physical Address | City | State  Zip | Physical Address | City | State  Zip |
|---|---|---|---|---|---|
| | | | | | |

| Odometer Reading | Selling Price $ | Date Vehicle Delivered to Purchaser(s) | - See reverse side for mailing and payment instructions - |
|---|---|---|---|

I hereby request that the Idaho Transportation Department mark its records to show the vehicle described above has been transferred. I understand that the title record will remain in my name until a new Idaho Certificate of Title is applied for and issued in the name(s) of the new owner(s).

Seller's/Transferor's Signature X _____

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit dmv.idaho.gov to verify the current fee.

# CERTIFICATE OF TITLE

| YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|------|------|------|-------|-------------|
| 1986 | GMC | CB | | |

VEHICLE IDENTIFICATION NUMBER

ODOMETER READING
EXEMPT

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH WIDTH HULL | HORSEPOWER | PROPULSION |
|--------------|-----------|--------|-------------------|------------|------------|
| D87037344 | 06/17/2016 | | | | |

OTHER PERTINENT DATA

OWNER'S NAME AND ADDRESS

ADAM KEITH TUCKER FARMS LLC
6766 W 3200 S
REXBURG, ID 83440-3905

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete, or providing false information may result in fines and/or imprisonment.

Seller's or Representative's Signature

X
X

First Lien

USA ACTING THROUGH THE

## Lienholder Section

Second Lien

Signature Releasing Lien
X

New Lienholder's Name

Address

City                    State      Zip

13196500

---

(Rev. 06-13)        $3.50 Fee*        **Release of Liability Statement**        $3.50 Fee*
Please Print Clearly – All Information Must Be Complete -- Notification by Seller/Transferor is Mandatory for Motor Vehicles

| Vehicle or Hull Identification Number (VIN/HIN) | Year | Make | Body | Title Number |
|---|---|---|---|---|
| 1GDG7D1BXGV506929 | 1986 | GMC | CB | D87037344 |

Seller's Full Legal Name                                    Purchaser's Full Legal Name

Idaho Driver's License Number or SSN; EIN if Business        Idaho Driver's License Number or SSN; EIN if Business

Physical Address        City        State  Zip              Physical Address        City        State  Zip

Odometer Reading        Selling Price
                        $                                   Date Vehicle Delivered to Purchaser(s)    - See reverse side for mailing and payment instructions -

I hereby request that the Idaho Transportation Department mark its records to show the vehicle described above has been transferred. I understand that the title record will remain in my name until a new Idaho Certificate of Title is applied for and issued in the name(s) of the new owner(s).

Seller's/Transferor's Signature X _____

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit dmv.idaho.gov to verify the current fee.

# CERTIFICATE OF TITLE

**IDAHO**

TD-36V (REV. 1-10)

| YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|
| 2006 | DODG | PK | R355 | QCAB |

VEHICLE IDENTIFICATION NUMBER
3D7LX38C76G163179

ODOMETER READING: 11 ACTUAL     DATE: 01/03/2006

2ND VEHICLE IDENTIFICATION NUMBER

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH WIDTH HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|
| 066000673 | 09/19/2013 | | | | |

**OWNERS NAME AND ADDRESS**

TUCKER, ADAM
245 E 1ST N
TETON, ID 83451

OTHER PERTINENT DATA

## Assignment of Title

Warning: It is a crime to enter false information, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when you transfer ownership of a vehicle. Failure to complete this disclosure or providing false information may result in fines and/or imprisonment.

ODOMETER READING (No tenths):
(NO TENTHS)

☐ In Excess of Mechanical Limits     ☐ Exempt
☐ Not Actual - Warning Odometer Discrepancy     ☐ No Digit

DATE SOLD:          SELLING PRICE (see warning above):

SELLER'S OR REPRESENTATIVE'S PRINTED NAME(S)

SELLER'S OR REPRESENTATIVE'S SIGNATURE:
A  X
B  X

1st PURCHASER'S PRINTED, FULL LEGAL NAME / IDAHO DRIVER'S LICENSE NO., OR SSN, (USE EIN IF BUSINESS)

2nd PURCHASER'S PRINTED, FULL LEGAL NAME / IDAHO DRIVER'S LICENSE NO., OR SSN, (USE EIN IF BUSINESS)

MAILING ADDRESS AND PHYSICAL ADDRESS (IF DIFFERENT)
STATE          ZIP

1st PURCHASER'S SIGNATURE (OR REPRESENTATIVE'S SIGNATURE)
A  X
2nd PURCHASER'S SIGNATURE (OR REPRESENTATIVE'S SIGNATURE)
B  X

## Lienholder Section

**FIRST LIEN**

US BANK NA
RECORDED: 09/19/2013

SIGNATURE RELEASING LIEN          DATE
X

**SECOND LIEN**

SIGNATURE RELEASING LIEN          DATE
X

NEW LIENHOLDER'S NAME

ADDRESS

CITY          STATE          ZIP

11664979

REV. 1-10

---

## NOTICE OF RELEASE OF LIABILITY

**$3.50 Fee***          **$3.50 Fee***

PLEASE PRINT CLEARLY — ALL INFORMATION MUST BE COMPLETE — NOTIFICATION BY SELLER/TRANSFEROR IS MANDATORY

| Vehicle or Hull Identification Number (VIN or HIN) | Year | Make | Body Style | Title Number |
|---|---|---|---|---|
| 3D7LX38C76G163179 | 2006 | DODG | PK | 066000673 |

Seller's/Transferor's Full Legal Name(s): _____ Daytime Phone: _____

Seller's Idaho Drivers License Number(s) or Social Security Number(s): _____

Address: _____ City: _____ State: _____ Zip: _____

Odometer: _____ Selling Price: $ _____ Date Delivered to Purchaser/Transferee: _____

Purchaser's/Transferee's Full Legal Name(s) & Idaho Driver's License Number(s): _____

Address: _____ City: _____ State: _____ Zip: _____ Daytime Phone: _____

I/we hereby request that the Idaho Transportation Department mark its records to indicate that the vehicle or vessel described above has been transferred. However, I/we understand that the title record will remain in my/our name(s) until a new Idaho Certificate of Title is applied for and issued, recording the name(s) of the new owner(s).

X _____
Signature of Seller(s)/Transferor(s)

— SEE REVERSE SIDE FOR MAILING/PAYMENT INSTRUCTIONS —

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit http://www.itd.idaho.gov/dmv/ to verify the current fee.

IDAHO

## CERTIFICATE OF TITLE

| YEAR | MAKE | BODY | DESCRIPTION |
|------|------|------|-------------|
| 1998 | DODG | PK | TRK |

ODOMETER READING
EXEMPT

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH WIDTH HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|
| A98667925 | 04/16/2010 | | | | |

OWNER'S NAME AND ADDRESS

OTHER PERTINENT

```
TUCKER, ADAM K    OR
TUCKER, STACIE
245 E 1ST N
TETON, ID 83451
```

### Assignment of Title

PURCHASER'S PRINTED NAME

☐ In Excess of Mechanical Limits    ☐ Exempt
☐ Not Actual - Warning: Odometer Discrepancy    ☐ No Deot

DATE SOLD    SELLING PRICE (see warning above)

ADDRESS    STATE    ZIP

SELLER'S OR REPRESENTATIVE'S PRINTED NAME(S)

SELLER'S OR REPRESENTATIVE'S SIGNATURE(S)    PURCHASER'S OR REPRESENTATIVE'S SIGNATURE

2nd PURCHASER OR REPRESENTATIVE

### Lienholder Section

FIRST LIEN
FARM SERVICE AGENCY

SECOND LIEN

SIGNATURE RELEASING LIEN    DATE

SIGNATURE RELEASING LIEN    DATE

NEW LIENHOLDER'S NAME

ADDRESS

CITY    STATE    ZIP

09806087

REV. 1/08

---

$2.00 Fee    **NOTICE OF RELEASE OF LIABILITY**    $2.00 Fee

PLEASE PRINT CLEARLY  -  ALL INFORMATION MUST BE COMPLETE  -  NOTIFICATION BY SELLER/TRANSFEROR IS MANDATORY

| Vehicle or Hull Identification Number (VIN or HIN) 3B7KF2668WM264619 | Year 1998 | Make DODG | Body Style PK | Title Number A98667925 |
|---|---|---|---|---|

Seller's/Transferor's Full name: _____

Address: _____ City: _____ Daytime Phone Number: _____

Odometer: _____ Selling Price: $ _____ Date Delivered to Purchaser/Transferee: _____ State: _____ Zip: _____

Purchaser's/Transferee's Full name: _____

Address: _____ City: _____ State: _____ Zip: _____

I/we hereby request that the Idaho Transportation Department mark its records to indicate that the vehicle or vessel described above has been transferred. However, I/we understand that the title record will remain in my/our name(s) until a new Idaho Certificate of Title is applied for and issued, recording the name(s) of the new owner(s).

X _____

*Signature of Seller(s)/Transferor(s)*

— SEE REVERSE SIDE FOR MAILING/PAYMENT INSTRUCTIONS —

# IDAHO

## CERTIFICATE OF TITLE

| YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|------|------|------|-------|-------------|
| 2005 | CHAH | CT | | |

ODOMETER READING    EXEMPT

| TITLE NUMBER | PRINT DATE |
|--------------|-----------|
| 043097996 | 04/16/2010 |

OWNER'S NAME AND ADDRESS

TUCKER, ADAM R
245 E 1ST N
TETON, ID 83451

### Assignment of Title

PURCHASER'S PRINTED NAME

☐ Exempt
☐ Not Actual - Warning: Odometer Discrepancy     ☐ No Devic

DATE SOLD:     SELLING PRICE (see warning above)

SELLER'S OR REPRESENTATIVE'S PRINTED NAME(S)

PURCHASER'S OR REPRESENTATIVE'S SIGNATURE

2nd PURCHASER'S OR REPRESENTATIVE

SELLER'S OR REPRESENTATIVE'S SIGNATURE

### Lienholder Section

FIRST LIEN

FARM SERVICE AGENCY

SECOND LIEN

SIGNATURE RELEASING LIEN     DATE

NEW LIENHOLDER'S NAME

ADDRESS

CITY     STATE     ZIP

09806086

REV. 1/08

---

## NOTICE OF RELEASE OF LIABILITY

**$2.00 Fee**     **$2.00 Fee**

PLEASE PRINT CLEARLY  ·  ALL INFORMATION MUST BE COMPLETE  ·  NOTIFICATION BY SELLER/TRANSFEROR IS MANDATORY

| 4RYS272035T110022 | 2005 | CHAH | CT | 043097996 |
|-------------------|------|------|-----|-----------|

Vehicle or Hull Identification Number (VIN or HIN)     Year     Make     Body Style     Title Number

Seller's/Transferor's Full name: _____

Address: _____ City: _____ Daytime Phone Number: _____

Odometer: _____ Selling Price: $_____ Date Delivered to Purchaser/Transferee: _____ State: _____ Zip: _____

Purchaser's/Transferee's Full name: _____

Address: _____ City: _____ State: _____ Zip: _____

I/we hereby request that the Idaho Transportation Department mark its records to indicate that the vehicle or vessel described above has been transferred. However, I/we understand that the title record will remain in my/our name(s) until a new Idaho Certificate of Title is applied for and issued, recording the name(s) of the new owner(s).

X _____

Signature of Seller(s)/Transferor(s)

— SEE REVERSE SIDE FOR MAILING/PAYMENT INSTRUCTIONS —

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas J. Woychick, Assistant United States Attorney
United States Attorney's Office
800 Park Boulevard, Suite 600, Boise, ID  83712   (208) 334-1211

## DEFENDANTS

Adam Keith Tucker Farms, LLC; Adam Keith Tucker; Simplot Grower Solutions; Thresher Artisan Wheat; and Fall River Rural Elec. Coop.

County of Residence of First Listed Defendant   Fremont
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                            *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product | Product Liability | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | Liability | ☐ 367 Health Care/ | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | ☐ 320 Assault, Libel & | Pharmaceutical | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Slander | Personal Injury | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 330 Federal Employers' | Product Liability | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | Liability | ☐ 368 Asbestos Personal | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 340 Marine | Injury Product | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | Liability | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 380 Other Personal | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal | Property Damage | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | Injury | ☐ 385 Property Damage | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2410 foreclosure
Brief description of cause:
Suit to foreclose on real property and chattels.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
551,650.51

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/19/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | Civil Action No. |
| v. | ) ) ) | |
| _____ | ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

                                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

                                                    _____
                                                              *Server's signature*

                                                    _____
                                                             *Printed name and title*

                                                    _____
                                                               *Server's address*

Additional information regarding attempted service, etc: